MAGGIE FISHER, ADMINISTRATRIX, APPELLEE, v. LEWIS H. TRESTER, APPELLANT.

FILED MARCH 28, 1930. No. 26911.

*Mockett & Finkelstein* and *F. B. Baylor*, for appellant.

*Chambers & Holland, contra.*

Heard before GOSS, C. J., DEAN, GOOD and EBERLY, JJ.. and RHOADES, SPEAR and TEWELL, District Judges.

TEWELL, District Judge.

This action was brought by the plaintiff as administratrix of the estate of her deceased son, Harry Fisher, to recover damages arising from the death of said Harry Fisher, which resulted from injuries sustained in an automobile accident. The action is maintained under the provisions of sections 1382 and 1383, Comp. St. 1922, commonly known as Lord Campbell's Act. The accident occurred on March 31, 1928, at the intersection of Thirty-first street and D street in Lincoln, Nebraska. The side of the rear portion of a Ford truck that was being driven westward on Thirty-first street by one John Ernst was struck by the radiator and left front fender of a Ford sedan that was being driven northward on D street by one Albert Wentzlaff, who was then engaged in his work as an employee of the defendant. Ernst, the driver of the truck, and the deceased, Harry Fisher, were employed by Wilson & Company, and, at the time of the accident, were delivering meats and groceries for their employer. At the time the sedan collided with the truck, Harry Fisher was riding in the rear portion of the open body of the truck and sitting upon a pail of lard. He was thrown from the truck by the force of the collision to the pavement, and a day or two later died from the injuries thereby sustained. The petition specifies certain acts of negligence as being the proximate cause of his death.

The answer denies the negligence alleged, and pleads negligence on the part of said Ernst and the deceased. Trial was had to a jury, and from a verdict and judgment for plaintiff in the sum of $7,250 the defendant, Lewis H. Trester, prosecutes this appeal. Wilson & Company was made a party defendant merely because of the subrogation existing in its favor under the employers' liability act, and does not join in the appeal.

In his brief the defendant assigns nine errors. Assignments of error Nos. 2, 3, 4 and 5 are directed respectively against instructions Nos. 12, 13, 16 and 19 given by the court, and assignments of error Nos. 6 and 7 are directed at the refusal of the court to give instructions Nos. 2, 3 and 11 requested by the defendant. These assignments, due to their nature, may be conveniently considered in a group, and for a discussion of them instructions Nos. 12, 13, 16 and 19, as given by the court, are copied herein. These four last mentioned instructions are as follows:

"12. The jury are instructed that in the bringing and prosecution of this action the plaintiff, although she is designated as the administratrix of the estate of Harry Fisher, deceased, is acting only for the next of kin of said Harry Fisher, and the recovery, if any, in her favor must represent only the present worth of the probable monetary loss or services during his lifetime which the father and mother have suffered by reason of the death of Harry Fisher. Therefore, in arriving at the amount of such recovery, if any, you are not to take into consideration the fact that the assets of the estate of said Harry Fisher may have been lessened by reason of his death, or that his father and mother may have suffered some loss of inheritance.

"13. The jury are instructed that no legal obligation rested upon Harry Fisher to make contributions in money or services to his father and mother after he reached the age of twenty-one years, so long as the father and mother are reasonably able to earn a livelihood; and whether such contributions would probably have been made must be determined by you from a preponderance of the evidence."

"16. By present worth is meant that sum which if paid at this time will represent the actual value of those contributions in money or services, if any, which you find Harry Fisher would probably have made to his father and mother had his death not occurred."

"19. If you find from the evidence under the instructions of the court that the defendant, through his agent and servant, was guilty of negligence, as charged in plaintiff's petition, which directly and proximately caused or contributed to the death of plaintiff's decedent, and that plaintiff is entitled to a verdict under the evidence and the instructions given you, then the measure of plaintiff's damages would be the pecuniary loss resulting to decedent's father and mother by reason of decedent's death."

In his assignment of error No. 2, the defendant complains of instruction No. 12, set forth above, as fixing the lifetime of the deceased, and not the lifetime of the next of kin, as the period of time to be used in computing the amount of recovery. It is at least susceptible of this meaning. This instruction is an exact copy of instruction No. 1 of those requested by the defendant, with the exception of the court's addition of the phrase "present worth of the probable" and the phrase "or services during his lifetime" at the points in the instruction where those phrases are placed. The deceased is shown to have been 20 years of age at the time of his death; his mother, Maggie Fisher, to have been 51 years of age, and his father, Emmet E. Fisher, to have been 55 years of age. According to the mortality tables introduced in evidence, the life expectancy of deceased was approximately 40 years; that of his mother approximately 19 years, and that of his father approximately 17 years. Under the inheritance laws of this state, the father and mother of the deceased are his sole next of kin, and share equally all of the avails of any recovery herein under the provisions of section 1383, Comp. St. 1922. The life expectancy of the parents, and not of the child, under the facts in this case, is the life expectancy to be used as the time element in computing the amount of damage. To the extent that instruction No. 12 made the

life expectancy of the deceased the time element in the rule for the computation of damages when the life expectancy of the deceased exceeded that of the parents, it is erroneous. 17 C. J. 1331, and cases cited in the footnotes; *Richmond v. Chicago & W. M. R. Co.,* 87 Mich. 374.

In his said assignments of error Nos. 2 to 5 inclusive, the defendant complains of said instruction No. 12, and also of instructions Nos. 13, 16 and 19, as allowing the amount of contributions by the deceased to depend upon mere probability. In instruction No. 2 requested by the defendant, but not given by the court, the recovery, if any, is limited by the first sentence therein to the present worth of the contributions in money and services that would have been made to the father and mother during their lifetimes. The last sentence in such requested instruction is an exact copy of instruction No. 16 given by the court and set out above, with the exception that the court inserted the word "probably" in its instruction No. 16. The first sentence of instruction No. 11 requested by the defendant, but not given, is an exact copy of instruction No. 13 given by the court and set out above, with the exception that the court added the word "reasonably" and the word "probably" where the same occur in said instruction No. 13. In an action such as this, where the life expectancy of the deceased exceeded that of the next of kin, and the next of kin are the parents of the deceased, the measure of damage is the present worth in money of the contributions having a monetary value of which the preponderance of the evidence shows with reasonable certainty the next of kin have been deprived by the act of the defendant that creates the liability. That which is only probable, estimated or conjectural may not be considered in determining the pecuniary loss. *Burkamp v. Roberts Sanitary Dairy,* 117 Neb. 60; *Greenwood v. King,* 82 Neb. 17; 17 C. J. 1365, and cases cited in the footnotes. Instructions Nos. 12, 13, 16 and 19, when read together, make the probable pecuniary loss, rather than the pecuniary loss shown by the evidence with reasonable certainty, the basis for determin-

ing the pecuniary loss, and to that extent, when instructions free from such interpretation were tendered by the defendant, were erroneous.

Instruction No. 3 requested by the defendant referred to the evidence relating to the age of the next of kin and the mortality tables relating to the probable duration of life of normal persons of that age and directed the jury to take into account their state of health in determining the probable duration of their lives. This instruction was refused by the court and none given upon the subject-matter thereof. The record contains evidence showing the father and mother each to be in a poor state of health. It was the duty of the jury to consider the life expectancy of the parents, not only as shown by the mortality tables, but as shown from all other facts and circumstances shown in the evidence and having a bearing thereon. Such an instruction, indeed, had a proper place in this case and should have been given, although its refusal, if other errors heretofore pointed out had not occurred, might not, perhaps, be said to constitute error. 17 C. J. 1366; *Steinbrunner v. Pittsburgh R. Co.*, 146 Pa. St. 504, 28 Am. St. Rep. 806; *Illinois Central R. Co. v. Houchins*, 121 Ky. 526, 123 Am. St. Rep. 205.

In his assignment of error No. 7, the defendant complains of the court's refusal to give that part of instruction No. 11 requested by him which directs the jury not to consider the evidence relating to the existence of brothers and sisters of the deceased, except so far as it might have a bearing upon the amount of contributions of a monetary value that the deceased would have made to his parents. There is evidence showing that a sister of the deceased, 21 years old and in poor health, lived with the plaintiff and her husband. In assignment of error No. 8, the defendant complains of the admission of evidence showing that two married brothers were living outside the home of their parents. Evidence of this nature in some jurisdictions has been held inadmissible. 17 C. J. 1361. If admitted, the trial court, at least when requested, should give an instruction upon the limited purpose for which

such evidence may be considered. If admitted and a requested instruction thereon properly limiting its purpose is not given, reversible error may be committed, where the record discloses that a part of its effect was to unduly elicit sympathy from the jury. Such does not seem to be the condition in the record in this case.

It will be noted that all of the assignments of error above noted relate to matters having a bearing upon the amount of the recovery, rather than upon the question of whether or not the defendant was liable in damages in some amount. The court submitted the issue of contributory negligence and the circumstances under which it would bar recovery, if existing, to the jury, along with the rule of diminishing the amount of recovery if contributory negligence existed but was slight and the negligence of the defendant gross in comparison therewith. No error is pointed out that relates to liability in some amount. The evidence is sufficient to sustain the plaintiff's right of recovery as distinguished from her amount of recovery.

The only other complaint of the defendant which it is necessary to consider is that which relates to the verdict being excessive. The record shows the deceased to have been attending high school, and intending to enter the state university at Lincoln upon the completion of his high school course. He was industrious, frugal and of good habits. During holidays, summer vacation, and on Saturdays he worked, and earned between $400 and $500 a year. His earnings were given to his mother, who bought the household necessities. After paying for the clothes and incidental expenses of the deceased, the mother claims she had left about one-half of these earnings. He aided his mother about the home. He helped her to do laundry work which she brought home to do for hire from a store where she worked, for doing which his mother was paid the sum of $10 a week. When employed full time while not in school, the deceased earned from $18 to $24 a week. The present worth of $1 on the date of the death of the decedent, if paid once annually for 19 years, that being the

life expectancy of the mother as shown by the mortality tables, is $12.08, when 5 per cent. is used as a basis of computation. Upon the above basis, the pecuniary loss to the parents would have to average the sum of a little more than $600 a year paid each year for the entire period of 19 years in order to be of the present worth of the amount of the verdict in this case. That any rule for the exact mathematical calculation of the pecuniary loss in a case like this exists is not meant nor even inferred by the foregoing statements. Such a rule does not exist, but nevertheless the foregoing method of calculation may permissibly be used by an appellate court as a part of its considration of whether or not the verdict in such a case is excessive. The jury in an action of this kind are necessarily allowed a latitude in determining what pecuniary loss to the next of kin has been shown, but they must confine themselves to such pecuniary loss as is shown by the evidence with reasonable certainty, and cannot arbitrarily indulge in conjecture and speculation. Their action is reviewable within certain limits. 17 C. J. 1347. Upon the record in this case the verdict is excessive.

Although the verdict is excessive, it does not necessarily follow that it must be set aside in its entirety. There is nothing in the record to indicate that it is tainted with passion or prejudice. The errors complained of by the defendant all relate to the amount of the recovery rather than to the right of recovery in some amount. This court has many times affirmed a judgment excessive in amount, even in actions *ex delicto,* upon condition that a remittitur of an amount large enough to include all excess be filed. *Bee Publishing Co. v. World Publishing Co.,* 59 Neb. 713; *Elliott v. City of University Place,* 102 Neb. 273.

Jurisdictions allowing a remittitur in that class of actions *ex delicto* in which the amount of the excess cannot be definitely ascertained seem to confine its allowance to cases in which the errors, if any present, do not relate to the right of recovery, and in which the court can say with reasonable certainty that the amount of the remittitur al-

lowed is large enough to cover all excess. 4 C. J. 1144. In this case the monetary value of the contributions to the next of kin that were being made by the deceased prior to and at the time of his death is confined as to its amount within narrow limits. Of course, such value alone does not measure the pecuniary loss. However, the court can say with reasonable certainty that the sum of $4,250 will include all of the amount by which the verdict is excessive, either by reason of the errors heretofore pointed out, or by reason of the jury having abused their discretion and going even beyond the measure of damage fixed in the instructions as given. Such amount may include more than such excess. If it includes at least all of such excess, no injury is done the defendant, even though the plaintiff elects to remit. If it includes more, neither the plaintiff nor the defendant is injured, as the plaintiff is not required to remit but may accept a new trial instead.

For the reasons above set forth, it is ordered that the judgment of the trial court be reversed and a new trial granted, unless the plaintiff within 30 days after the filing of this opinion file in this court a remittitur of all of the judgment in excess of the sum of $3,000 and interest on such sum of $3,000 accruing since the date such judgment was rendered by the trial court and the costs in the district court; but, in the event such remittitur is filed, that then the judgment of the trial court be affirmed as to the sum of $3,000 and interest thereon after the date such judgment was rendered by the trial court and the costs in the trial court. Costs in this court in any event are taxed to the plaintiff.

AFFIRMED ON CONDITION.