(No. 32115.—

Victor Sawicki, Appellant, *vs.* Barney Clemons *et al.*— (Orben Watson, Appellee.)

*Opinion filed November 27, 1951—Rehearing denied Jan. 21, 1952.*

William G. Eovaldi, Frank P. Hanagan, and Berenice H. Hanagan, all of Benton, for appellant.

J. Max Mitchell, of West Frankfort, and Hal D. Brown, of Benton, (W. Troy Barrett, of West Frankfort, of counsel,) for appellee.

Mr. Justice Crampton delivered the opinion of the court:

Appellant, Victor Sawicki, the holder of a tax certificate to certain premises in the city of West Frankfort, filed a petition in the county court of Franklin County, seeking to obtain a deed under the provisions of section 235a of the Revenue Act. (Ill. Rev. Stat. 1949, chap. 120, par. 716a.)

The court denied motions, made by the owner of record, to dismiss the petition and for a directed judgment, and at the conclusion of the evidence ordered the county clerk to execute a deed to petitioner after the expiration of sixty days, unless within that period the defendant owner paid a designated sum to the clerk for petitioner's benefit. Upon appeal to this court the judgment was reversed, on the ground that petitioner failed to allege and prove he gave notice as required by section 263. (*Sawicki* v. *Clemons*, 408 Ill. 55.) We there held that as petitioner failed to allege a fact necessary to entitle him to relief the petition did not state a cause of action, and that, as he failed to allege and prove a cause of action, defendant's motion for judgment at the close of petitioner's case should have been allowed. The cause was remanded to the county court for entry of a judgment consistent with our opinion, and the mandate was duly filed in the county court.

Petitioner thereafter filed in that court a motion to redocket the cause, and further asked leave to amend the prayer of his original petition by incorporating an alternate request for return of the purchase price paid at the tax sale. The county court denied leave to amend the prayer, and, after setting aside the original judgment, entered judgment granting defendant's motion for directed judgment, made at the close of petitioner's case, and dismissing the cause with prejudice. Defendant was also granted costs, and execution was awarded therefor. Petitioner now brings the case to this court again, alleging the county court erred in denying him leave to amend the prayer of his original petition, in failing to order the return or reimbursement of the money paid for the tax certificate, and in rendering judgment against him for costs.

In support of his first assignment of error petitioner argues that where a judgment is reversed and the cause is remanded with directions to proceed in conformity with the views expressed in the opinion then filed, and it appears

from such opinion that the grounds of reversal are of a character to be obviated by subsequent amendments of the pleadings or the introduction of additional evidence, it is the duty of the trial court to permit such amendments or the introduction of further evidence. It is clear, however, that the rule has no application to this case. It applies only where the issues were not determined on their merits in the court of review. (See *Roggenbuck* v. *Breuhaus,* 330 Ill. 294, 298.) In this case the decision was on the merits, holding that a necessary element of petitioner's cause of action was not alleged or proved, and the cause was remanded for the entry of a judgment consistent with the opinion. The judgment subsequently entered by the county court was in accordance with the mandate and direction of this court, and must therefore be regarded as free from all error. Where a cause is remanded by the Supreme Court, the trial court cannot err if it follows the opinion of the Supreme Court in the further proceedings of the case, and no attention will be given to arguments that it erred in so doing. *Trustees of Schools* v. *Hoyt,* 318 Ill. 60.

Petitioner's second contention is based upon the following provision of the statute: "If the County Court shall refuse to enter an order directing the County Clerk to execute and deliver a deed it shall order the return of the purchase price forthwith as in the case of sales in error." (Ill. Rev. Stat. 1949, chap. 120, par. 716a.) From what has already been said it is apparent that the present judgment cannot be attacked on this appeal for not directing a return of the purchase price. The trial court is bound by the decision and mandate of this court in the particular case, and it cannot commit error in following them.

The final contention, that the county court erred in entering judgment against petitioner for costs and awarding execution, merits little consideration. He urges the general rule that the losing party must pay the costs, and argues that the costs in this case should be taxed against

defendant "in the event the order and decree in trial court be reversed." As the present judgment cannot be reversed, the contention becomes irrelevant.

We note, upon reference to the briefs in the original case, that the owner, by offer in his objections to the issuance of the tax deed, stated his readiness and willingness to repay to the purchaser or his assignee moneys paid and expended in the purchase and to reimburse the purchaser for payment of interest and subsequent taxes. What we have said here applies only to the failure to carry into execution the mandate of this court and is without prejudice as to any other remedy appellant here may pursue for the return or reimbursement of the purchase price paid at the tax sale.

The judgment of the county court, merely carrying into execution the judgment of this court, was the only judgment which it had any authority to enter, and it will therefore be affirmed.

*Judgment affirmed.*