392 P.2d 584

Elizabeth J. SPROLES, Plaintiff-Appellant,

v.

George McDONALD and Laura McDonald, his wife, Defendants-Appellees.

No. 7409.

Supreme Court of New Mexico.

May 25, 1964.

------◆------

C. C. Chase, Jr., Alamogordo, for appellant.

H. Elfred Jones, Carrizozo, E. Forrest Sanders, Wm. W. Bivins, Las Cruces, for appellees.

CHAVEZ, Justice.

This is the second time that this case comes before us. In our prior opinion found in 70 N.M. 168, 372 P.2d 122, wherein the facts are stated, we ordered the case reversed and remanded to the district court:

"with instructions to set aside the judgment heretofore entered and to then consider the equities, and to make findings and conclusions and to enter its judgment thereon, all in a manner not inconsistent herewith. * * *"

A mandate was issued to the district court of Lincoln County, repeating the order expressed in the opinion and, on July 23, 1962, the district court entered an order reinstating the cause upon the docket, and further ordering that:

" * * * counsel for the respective parties hereto submit Findings of Fact and Conclusions of Law conforming to the opinion of the Supreme Court of the State of New Mexico within 15 days from date hereof."

On the same day, counsel for appellant submitted requested findings of fact and conclusions of law.

On August 6, 1962, appellees filed a motion in which they made an offer that they felt was fair and equitable and would constitute a balancing of the equities; the offer being a relinquishment of their claim to that portion of land where appellant's improvements were located and being more particularly described as follows:

" * * * a portion of the 420-foot strip commencing at a point at the northeast corner of Section 32 and running southerly for a distance of 631 feet along the easterly boundary of Section 32, thence west a distance of 420 feet to the westerly boundary of the 420-foot strip, * * *."

Appellees filed their requested findings of fact and conclusions of law, which incorporated their offer, on August 6, 1962.

A hearing was held on August 17, 1962, in which appellees' counsel were present, but appellant's counsel was not, although the judgment recites that he had notice and he does not attack the form of the judgment. As a result of that hearing, the district court, having considered the equities and having made findings of fact and con-

clusions of law, entered the following "Judgment on the Mandate":

"(a) That the equitable relief and injunction as sought by the defendants against the plaintiff as to that portion of the disputed 420-foot strip upon which the plaintiff's improvements lie and which is more particularly described in the findings of fact, be and the same is hereby denied;

"(b) That the equitable relief and injunction sought by the defendants against the plaintiff as to the balance of the disputed 420-foot strip, be and the same is hereby granted, and the plaintiff be and she is hereby enjoined from occupancy of the disputed 420-foot strip described in the findings of fact, saving and excepting therefrom the portion upon which her improvements lie, which is more fully described in said findings;

"(c) That the defendants be and they are hereby ordered to construct and erect at their own expense fences so as to set apart the portion of the disputed 420-foot strip upon which the plaintiff's improvements lie;

"(d) That the defendants be and they are hereby ordered to apply to the Commissioner of Public Lands of the State of New Mexico for either a sublease or an assignment in favor of the plaintiff to that portion of the disputed 420-foot strip upon which her improvements lie, and to otherwise do all things necessary in order to comply with the laws of the State of New Mexico in order to properly place the plaintiff in lawful possession of said portion of land."

It is from this judgment that appellant prosecutes this appeal, contending that:

"The judgment of the court was based on findings for which there was no substantial evidence for support and on conclusions of law predicated on unsupported findings of fact."

The basis of appellant's contention is that the district court should have taken testimony as to the value of the land and, having failed to do so, the judgment is not supported by substantial evidence and must necessarily fail.

Appellant's contention is without merit. We have consistently held that, upon remand, the district court has only such jurisdiction as the opinion and mandate of this court will confer. Chronister v. State Farm Mutual Automobile Insurance Company, 72 N.M. 159, 381 P.2d 673; State ex rel. Del Curto v. District Court of

Fourth Judicial Dist., 51 N.M. 297, 183 P. 2d 607.

The district court complied with the opinion and mandate of this court, hence we find no error. The judgment is ffirmed.

It is so ordered.

NOBLE and MOISE, JJ., concur.