417 P.2d 455

**R. L. WILSON, Robert E. Croom, Lloyd F. Grinslade, et al., Plaintiffs-Appellants,**

v.

**EMPLOYMENT SECURITY COMMISSION of New Mexico, Respondent-Appellee,**

and

**Kennecott Copper Corporation, Chino Mines Division, Employer-Appellee.**

No. 7777.

Supreme Court of New Mexico.

July 18, 1966.

Rehearing Denied Aug. 24, 1966.

Foy & Vesely, Silver City, for appellant, Wilson.

White, Gilbert, Koch & Kelly, Santa Fe, for appellant, Croom.

Smith & Ransom, Albuquerque, for appellant, Grinslade.

Boston E. Witt, Atty. Gen., A. M. Frazier, Sp. Asst. Atty. Gen., for appellee, Employment Security Commission.

Shantz & Dickson, Silver City, Poole & Poole, Albuquerque, for appellee, Kennecott Copper Corp.

## OPINION

COMPTON, Justice.

This is the second time the case has been considered by us. Wilson v. Employment Security Commission, 74 N.M. 3, 389 P.2d 855. The question presented for decision on this appeal is whether appellants are entitled to interest on unemployment compensation benefits from the date of the judgment in their favor. In the previous proceeding, the Commission and Kennecott had appealed from three judgments of the District Court of Grant County reversing decisions of the Commission which had denied unemployment compensation benefits to some 525 claimants who were or had been employees of Kennecott. The claims were consolidated for review before the district court and for review on appeal. The sole question then before the Commission was the eligibility of the claimants to receive unemployment compensation benefits. Benefits were denied by the Commission on the ground that the claimants were disqualified for benefits by virtue of § 59–9–5(d), N.M. S.A.1953. Upon review of the Commission's decision, the court found that the decision of the Commission was contrary to the facts and law and that the claimants were entitled to the benefits sought. The court entered its judgment December 29, 1960, reversing the decision of the Commission in the following language:

"It is therefore ORDERED AND ADJUDGED that the decision of the Employment Security Commission of New Mexico entered January 11, 1960 in regard to the claimants described as Petitioners in the above consolidated actions, be and the same hereby are reversed and set

aside and the causes remanded to said Commission with the directions to the Employment Security Commission of New Mexico to pay unemployment compensation to each claimant the amount to which each is entitled, upon the further instructions to the Employment Security Commission of New Mexico that no unemployment compensation shall be denied any of these employees by virtue of any of the provisions of Section 59–9–4–C and Section 59–9–5–D1 & 2, New Mexico Statutes, 1953, Annotated, * * *."

No judgment was entered against Kennecott; nevertheless, on December 29, 1960, Kennecott, the employer, voluntarily appealed and superseded the judgment rendered against the Commission. Its bond was conditioned as follows:

"* * * if the decision of the court below be affirmed or the appeal dismissed, it will comply with such judgment and pay all costs and damages finally adjudged against it, including legal damages, if any, caused by the taking of the appeal, then this obligation to be null and void and of no effect, otherwise to remain in full force and effect."

On January 18, 1961, the Commission itself appealed, thus payment of the claims was delayed for some four years. We affirmed the judgment *without directions* and thereupon all claims for benefits were paid by the Commission forthwith.

Upon remand, however, the mandate, after reciting affirmance of the judgment, directed the court to "enter your judgment in favor of appellees and against appellants and the sureties on the supersedeas bond on file herein." Thereupon, the district court, following the direction of the mandate, reinstated the case upon his docket and entered a second judgment August 18, 1964, practically duplicating the first one but noted that all claims for benefits had been paid in full by the Commission and that interest on compensation benefits should be denied; nevertheless, the court directed judgment against the appellants and the surety on Kennecott's supersedeas bond in the amount to which each claimant is entitled. Since appellants had not asked for interest when filing their claim, on September 16, 1964, after remand, they moved to vacate or amend the latter judgment so as to allow 6% interest thereon from December 29, 1960; the motion was formerly denied. The claimants now bring the judgment and order denying their motion here by appeal for further review.

The appeal is presented under two points:

"POINT I  CLAIMANTS ARE ENTITLED TO INTEREST ON THEIR CLAIMS EITHER AS A PART OF THE 'BENEFITS', OR BY VIRTUE OF STATUTORY INTEREST ON THE JUDGMENT IN THEIR FAVOR.

"POINT II CLAIMANTS ARE ENTITLED TO INTEREST AS 'DAMAGES CAUSED BY THE TAKING OF THE APPEAL', WITHIN KENNECOTT'S SUPERSEDEAS BOND."

■ We do not reach the points on the merits. The district court lost jurisdiction of the case when it was appealed, and on remand regained only such jurisdiction as the supreme court's opinion and the mandate conferred. The question of interest was not involved in the former appeal, nor was the question expressly or impliedly decided by the decision; hence, the only jurisdiction conferred by the opinion was to enter an order reinstating the case upon its docket, thus bringing the case to an end.

■ Clearly, there is a conflict in the mandate and the supreme court's opinion. The court's opinion did not confer jurisdiction on the trial court to enter the second judgment or to entertain a motion for the payment of interest. True, the mandate directed the court "to enter your judgment in favor of appellees and against appellants and the sureties on the supersedeas bond on file herein," but the form of mandate was inappropriate. Upon remand, the district court must look to the opinion of the supreme court, not to the mandate, and, if there is any conflict in the supreme court's opinion and the mandate, the mandate must give way to the court's opinion as the law of the case. State ex rel. Del Curto v. District Court of Fourth Judicial Dist., 51 N.M. 297, 183 P.2d 607; Albuquerque Broadcasting Co. v. Bureau of Revenue, 54 N.M. 133, 215 P.2d 819; Primus v. Clark, 58 N.M. 588, 273 P.2d 963; Sproles v. McDonald, 74 N.M. 243, 392 P.2d 584. Also see Burroughs v. United States Fidelity & Guaranty Co., 74 N.M. 618, 397 P.2d 10.

The trial court is directed to vacate and set aside its order and its judgment entered August 18, 1964.

NOBLE, J., and WALDO SPIESS, J., Court of Appeals, concur.