448 P.2d 164

**J. R. VARNEY, Administrator of the Estate of Jackie Raymond Varney, Deceased, Plaintiff-Appellee and Cross-Appellant,**

v.

**Dennis Leo TAYLOR and Arrow Gas Service Company, Defendants-Appellants and Cross-Appellees.**

**No. 8475.**

Supreme Court of New Mexico.

Dec. 2, 1968.

James L. Brown, Cooney & Briones, Farmington, for appellee and cross-appellant.

Tansey, Rosebrough & Roberts, Richard L. Gerding, Farmington, Botts, Botts & Mauney, Albuquerque, for appellant and cross-appellee Arrow Gas.

White & Musgrove, Farmington, for appellant and cross-appellee Taylor.

## OPINION

NOBLE, Justice.

This is the third appeal of this case. We are not concerned in the present appeal with issues decided on the first appeal. (Varney v. Taylor, 71 N.M. 444, 379 P.2d 84). Thus, except when reference is expressly made to the first appeal, all references to the prior appeal or to the decision therein relate to the second appeal, 77 N.M. 28, 419 P.2d 234. We remanded the case with "directions to va-

cate the judgment and to enter a new judgment in appellee's [plaintiff below] favor for such amount as the court shall determine to be the present worth of decedent's life, computed in a manner consistent with this opinion."

Pursuant to the mandate, amended findings and conclusions were made and a new judgment entered, from which this appeal was taken. Two principal points are relied upon for reversal: (1) That this court had no jurisdiction of the second appeal and, consequently, no jurisdiction of the present appeal; and (2) that the judgment of March 3, 1967 did not conform to the mandate of this court.

Subsequent to the entry of the judgment following the decision of this court, the defendants appear to have discovered for the first time that this case was originally filed in the district court on August 28, 1960; however, the defendants filed a notice of appeal from the judgment of February 24, 1964 without applying for and obtaining an order granting the appeal as required by Supreme Court Rule 5(5) (§ 21–2–1(5) (5), N.M.S.A.1953) applicable to cases filed in the district court prior to March 15, 1961. Upon discovering that they followed the wrong procedure for appeal, the defendants moved the district court to vacate the judgment entered pursuant to our mandate on the second appeal and to reinstate the judgment of February 24, 1964, asserting that this court was without jurisdiction to consider that appeal. They now contend that because of the defective appellate procedure in the prior appeal, this court now lacks jurisdiction to consider the present appeal since it was not timely filed after the February 24, 1964 judgment.

It is true that we have consistently held that the timely entry of an order allowing an appeal pursuant to Supreme Court Rule 5(5) prior to the effective date of the 1961 amendment is jurisdictional. Scott v. Newsom, 74 N.M. 399, 394 P.2d 253; Reed v. Fish Engineering Corp., 74 N.M. 45, 390 P.2d 283. See also Evans v.

Barber Super Markets, Inc., 69 N.M. 13, 363 P.2d 625; William K. Warren Foundation v. Barnes, 67 N.M. 187, 354 P.2d 126. However, we are equally committed to the "right or wrong" rule under which a decision upon a former appeal is binding upon the appellate court on a second appeal. Sanchez v. Torres, 38 N.M. 556, 37 P.2d 805; McBee v. O'Connell, 19 N.M. 565, 145 P. 123; Crary v. Field, 10 N.M. 257, 61 P. 118. We have also held that the law of the case doctrine applies not only to questions which are expressly or by necessary implication raised and ruled upon in the prior appeal, but also to questions which might have been but were not raised or presented. Jencks v. Goforth, 57 N.M. 627, 261 P.2d 655; Sanchez v. Torres, supra. While this court has not heretofore had occasion to determine the precise question, it appears that the courts of other jurisdictions applying the "right or wrong" rule uniformly hold that an appellate court will not, upon a later appeal, examine the correctness of rulings in questions of its jurisdiction decided upon a former appeal, nor does an error on questions of its jurisdiction render the doctrine of the law of the case inapplicable. See Annot., 87 A.L. R.2d 271, at § 18(c), p. 338. For example, the California District Court of Appeals directly answered the defendant's argument in this case when it said, in Bailey v. Fosca Oil Co., Ltd., 216 Cal.App.2d 813, 31 Cal.Rptr. 380, respecting the law of the case rule:

"This is so, even though it is contended that absence of jurisdiction renders the decision on the prior appeal a nullity and ineffective as a determination of any question."

■ The rule of Clary v. Hoagland, 6 Cal. 685, that "[t]he first point decided by any Court, although it may not be in terms, is, that the Court has jurisdiction, otherwise it would not proceed to determine the rights of the parties," was expressly reaffirmed in Gore v. Bingaman, 20 Cal.2d 118, 124 P.2d 17, and in Bailey v. Fosca Oil Co., Ltd., supra. See also Evans v.

Barber Super Markets, Inc., supra; Endresse v. Van Vleet, 118 Mont. 533, 169 P. 2d 719; Estate v. Stoian, 138 Mont. 384, 357 P.2d 41; and McNee v. Hart, 117 Okl. 220, 246 P. 373. However, what amounts in effect to an adjudication of the issue on a prior appeal, right or wrong, has become the law of the case, and is binding alike upon us and the litigants in all subsequent proceedings in the case. Grand Central Mining Co. v. Mammoth Mining Co., 36 Utah 364, 104 P. 573. See also Washington Bridge Co. v. Stewart, 44 U.S. (3 How.) 413, 11 L.Ed. 658; Lincoln Joint Stock Land Bank v. Brown, 224 Iowa 1256, 278 N.W. 294.

■ We think the holding of those courts applying the law of the case on a second appeal to questions of the appellate court's jurisdiction in a prior appeal, whether or not expressly ruled upon, is based upon sound reasoning, and requires our adherence. Having passed on the merits of the controversy in the prior appeal, there is nothing now before us except the proceedings subsequent to the mandate. Washington Bridge Co. v. Stewart, supra.

We now turn to defendants' contentions that upon remand it was error for the trial court to fail (1) to consider the fact of pecuniary injury to the surviving parties entitled to judgment, (2) to deduct decedent's personal living expenses, and (3) to grant a new trial.

■ Defendants argue that the court, on remand, failed to follow our opinion and the mandate in that it did not limit recovery to the pecuniary injuries to the surviving parties entitled to judgment, in this case decedent's father and mother. As we understand their argument, it is essentially that the award must be limited to the amount the father and mother of decedent might reasonably have expected to receive as pecuniary benefits from the continued life of their son, an amount which would have been considerably less than was awarded on remand. That argu-

ment, however, was disposed of by the former opinion in saying:

"* * * recovery belongs to the relative for whose benefit the suit is brought, and the right of recovery extends to those distributees named in the statute, or to those entitled under the laws of descent and distribution, in the same manner and to the same extent as is given to the wife and children of the decedent."

Our holding in that respect became the law of this case, and is binding upon us and the litigants upon a subsequent appeal.

■■■ It is now contended that in view of our holding that net income is the proper basis for measuring anticipated earnings of a decedent, his estimated personal living expenses must be deducted to arrive at a realistic measure of damages which would reflect the pecuniary loss sustained by his wrongful death. An examination of the record before us makes it apparent that the case was not originally tried upon this theory. This view is further reflected by the fact that neither defendant requested a finding of fact concerning decedent's living expenses. The defendants, while urging that a new trial should be granted to permit proof of such expenses, agree that the proof in the record falls far short of that necessary to permit the court to make findings thereon. However, it is the settled law of this jurisdiction that upon remand the district court has only such jurisdiction as the opinion and mandate of this court confer. Gruschus v. C. R. Davis Contracting Co., 77 N.M. 614, 426 P.2d 589; Wilson v. Employment Sec. Comm'n, 76 N.M. 652, 417 P.2d 455; Sproles v. McDonald, 74 N.M. 243, 392 P.2d 584; Chronister v. State Farm Mut. Auto. Ins. Co., 72 N.M. 159, 381 P.2d 673; State ex rel. Del Curto v. District Court of Fourth Judicial Dist., 51 N.M. 297, 183 P.2d 607. We did not direct a new trial, and the lower court on remand accordingly had no authority to grant or direct one. It is a general rule that if, upon remand, the court below has acted

in substantial conformity to the direction of the appellate court, its judgment will not be disturbed on a subsequent appeal. Armbruster v. Stanton-Pilger Drainage Dist., 169 Neb. 594, 100 N.W.2d 781; Snyder v. Lincoln, 156 Neb. 190, 55 N.W.2d 614; Marshall v. Marshall, 408 P.2d 794 (Okl.1965); Taylor v. Mills, 320 S.W.2d 111 (Ky.1958); First Nat'l Bank v. Garrison, 235 Ala. 94, 177 So. 631; Sawicki v. Clemons, 411 Ill. 28, 103 N.E.2d 107.

■■ Our opinion (77 N.M. 28, 419 P.2d 234) recognized that this court had not theretofore determined whether gross earnings or net income was the proper basis for determining the amount to be taken into account. In that appeal, for the first time, we held net income to be the proper basis for determining damages in such cases, but we there expressly said we would not state a rule as to what should be deducted from gross earnings to arrive at a net figure. Merely by way of illustration we suggested that income tax and social security payments might be deducted. The courts are not in harmony respecting these items. See Annot., 63 A.L.R.2d 1393, and see the discussion in Floyd v. Fruit Industries, Inc., 144 Conn. 659, 136 A.2d 918, 63 A.L.R.2d 1378. The judgment on remand substantially followed the directions of the opinion and the mandate and will not be disturbed.

■■ The situation here is akin to one of prospective overruling. In the light of the circumstances of this case, we now announce a caveat that in the future decedent's anticipated personal living expenses ought to be deducted from the amount otherwise determined as reasonable compensation for the deprivation of expected pecuniary benefits that would have resulted from the decedent's continued life. See 7 A.L.R. 1314, 1325; 163 A.L.R. 253. In this connection, we agree with the Supreme Court of Connecticut when it said in Floyd v. Fruit Industries, Inc., supra, that the term "personal living expenses" has never been exactly defined, and perhaps because of the very nature of the

problem, no mathematical formula can ever be applied. Each case must depend upon its own facts and circumstances. See 29 Ohio L.J. 420, 433; 15 U.Fla.L.Rev. 384. We also agree with Floyd that personal expenses would not ordinarily include recreational expenses.

■ Turning to the cross-appeal, the plaintiff forcefully argues that in capitalizing the basic amount of damages, such amount should not only be discounted by taking into account the earning power of money but such capitalization must likewise take into account the same earning power of money from the date of death to the date of the judgment. We agree. However, on the prior appeal we did not so direct the court on remand. It could only determine those matters specified in the opinion. We have said that damages based upon anticipated net income alone will afford more than compensation so that account must be taken of the earning power of money to arrive at the net worth of such sum. The reasoning which requires a reduction in the amount of anticipated annual net earnings, after judgment, by the discount rate, likewise requires an addition to such income by the same rate from the date of death to the date of judgment. Accordingly, for the future, the net estimated earnings of decedent during the period from the date of death to the date of the judgment should be increased by the same discount rate applied to decrease the net income after judgment.

■ Finally, plaintiff complains of the change in the discount rate from three and one-half percent applied in the original judgment to five percent applied in the judgment entered pursuant to the mandate. The court originally found a three and one-half percent discount rate proper as reflecting the earning power of money. No attack was made on this finding on the prior appeal, and it is thus a fact binding upon this court in the subsequent appeal. That finding was a part of the law of the case for the purpose of determining the present worth of the damages

awarded on remand. See Cochran v. Gordon, 77 N.M. 358, 423 P.2d 43; Reed v. Fish Eng'r Corp., 76 N.M. 760, 418 P.2d 537; Albuquerque Broadcasting Co. v. Bureau of Revenue, 54 N.M. 133, 215 P.2d 819; Mitchell v. Allison, 54 N.M. 56, 213 P.2d 231; McBee v. O'Connell, supra.

It follows that the judgment should be affirmed in all respects except the amount of the award. The case will be remanded with direction to vacate the judgment and to enter a new judgment in plaintiff's favor applying a discount rate of three and one-half percent after the judgment.

It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.

MOISE, J., and OMAN, J., Ct.App., dissenting.

OMAN, Judge, Court of Appeals (concurring in part and dissenting in part).

Although I do not agree with the opinion on the second appeal, 77 N.M. 28, 419 P.2d 234 (1966), and it is with great reluctance that I concur in that portion of the majority opinion disposing of the jurisdictional question, I do agree with the law of the case doctrine which has been consistently adhered to by this and other courts as shown by the citations in the majority opinion.

Nevertheless, I question the propriety and logic of relying on the law of the case doctrine to confer jurisdiction in retrospect over a case in which this court not only lacked jurisdiction, but in which it completely overlooked the matter. It is difficult for me to understand how a judgment, which is void for lack of jurisdiction, can be vitalized by applying the law of the case doctrine, when it is apparent that no thought was ever given by the court to the jurisdictional question. I find it difficult, by application of the law of the case doctrine, to convert a complete failure of the duty of determining jurisdiction (Marquez v. Wylie, 78 N.M. 544, 434 P.2d 69 (1967); Hayes v. Hagemeier, 75 N.M. 70, 400 P.2d 945 (1963); Evans v. Barber Super Markets, Inc., 69 N.M. 13, 363 P.2d 625 (1961)) into

the unassailable position that the question of jurisdiction was determined. However, since the majority have no trouble in reaching this result, and since the cases from other jurisdictions which have considered the question seem to have rather consistently supported this view, my dissent does not go to this point.

The dissent I express arises from my inability to agree with the majority's interpretation of what the record shows and what was said in the opinion on the prior appeal.

First, I am unable to agree that the prior opinion disposed of the contention that the award should have been limited to the amount the father and mother of decedent, who are the survivors entitled to the recovery, might reasonably have expected to receive as pecuniary benefits from the continued life of their son. The majority rely upon the following language from the prior opinion:

"\* \* \* recovery belongs to the relative for whose benefit the suit is brought, and the right of recovery extends to those distributees named in the statute, or to those entitled under the laws of descent and distribution, *in the same manner and to the same extent as is given to the wife and children of the decedent.*" (Emphasis added).

I am unable to construe this language as meaning that the award must be the same, regardless of who the survivor or survivors entitled to the recovery may be, and that the extent of the pecuniary injury to the survivor or the survivors entitled to the recovery must be disregarded. In the prior opinion it was expressly noted that "the deprivation of the reasonable expectation of pecuniary benefits to his family would actually be the amount which could reasonably be expected to have been provided for them from the continued life of the deceased." By reference to other language in the prior opinion, it is apparent that by "family" is meant wife and children. The words "recovery in the same manner and to the same extent," when considered in the light of the quoted language concerning "the reasonable

expectation of pecuniary benefits," means to me a recovery to the extent of the pecuniary benefits which the father and mother could reasonably have expected to receive from their son had he continued to live. This is consistent with the express language of § 22–20–3, N.M.S.A.1953, wherein it is provided in part:

"\* \* \* the jury in every such action may give such damages, compensatory and exemplary, as they shall deem fair and just, *taking into consideration the pecuniary injury or injuries resulting from such death to the surviving party or parties entitled to the judgment.*" (Emphasis added).

I appreciate that there appears in other decisions by this court language suggestive of the result which the majority says was reached in the prior opinion in this case. Decisions from other courts, interpreting and applying like statutory language, have clearly recognized that the pecuniary injury or injuries to the surviving party or parties entitled to the recovery should be considered in arriving at the amount of an award. See Barnes v. Smith, supra; Quinn v. Southgate Nelson Corporation, 36 F.Supp. 873 (S.D.N.Y.1941); Dostie v. Lewiston Crushed Stone Co., 136 Me. 284, 8 A.2d 393 (1939); Fisher v. Trester, 119 Neb. 529, 229 N.W. 901 (1930); Capone v. Norton, 8 N.J. 54, 83 A.2d 710 (1951); Vescio v. Pennsylvania Electric Co., 336 Pa. 502, 9 A.2d 546 (1939); Rhoden v. Booth, 344 S.W.2d 481 (Tex.Civ.App.1961).

I am not convinced that the prior holdings of this court compel us to disregard the express language of our statute, and to disregard the pecuniary injury or injuries to the party or parties actually entitled to recover. The prior opinion in this case, as I read it, did not hold that the expected pecuniary benefits to the parents themselves should not be considered in fixing the award, and that this holding became the law of this case.

However, I reach the same result on this point as is reached by the majority. I do so on the ground that defendants failed to

properly raise the question in the trial court after remand. I find no requested finding of fact, or anything else in the record, to indicate this question was ever clearly presented, if presented at all.

In their brief in chief they suggest the matter was raised by an objection to one of the court's findings. This finding relates solely to items considered by the court in arriving at "the net value of his [decedent's] life to decedent's estate," and no reference or suggestion therein is made to the pecuniary injuries suffered by plaintiffs as the statutory beneficiaries. The objection thereto, upon which defendants apparently rely, is "that the amount of the court's judgment is not the amount equivalent to the loss of reasonably expected benefits that would have resulted from the continued life of decedent."

In my opinion, this objection to the finding, with nothing more, cannot reasonably be considered as sufficient to raise the question, or to alert the court's attention to the failure in the finding to consider the pecuniary injuries resulting to plaintiffs from the death.

Secondly, I am unable to agree with the majority view, that the case was not originally tried upon the theory that decedent's personal expenses must be deducted from his anticipated earnings in order to arrive at the proper measure of damages.

It is self-evident that the decedent had to be supported from his wages in order to earn income, since his wages were the only suggested source of payment of his personal expenses, as well as the only source of any benefits his parents may reasonably have expected from him. It is, likewise, self-evident that the surviving party or parties entitled to recovery under our Wrongful Death Act could not reasonably expect, as a part of the pecuniary benefits which would have gone to them had the decedent survived, the amounts which decedent would have expended for his own support, maintenance and pleasure. In determining the pecuniary benefits which the survivor or survivors could reasonably have expected to receive from the decedent's earnings, it is only logical, in the absence of some other suggested source of payment therefor, that these personal expenses would have to be considered and deducted from the reasonably anticipated earnings of decedent. See Barnes v. Smith, 305 F.2d 226 (10th Cir. 1962); Gonyer v. Russell, 160 F.Supp. 537 (D.C.R.I. 1958); Pittman v. Merriman, 80 N.H. 295, 117 A. 18, 26 A.L.R. 589 (1922); Caudle v. Southern Railway Co., 242 N.C. 466, 88 S.E. 2d 138 (1955); Journigan v. Little River Ice Co., 233 N.C. 180, 63 S.E.2d 183 (1951); McCabe v. Narragansett Electric Lighting Co., 26 R.I. 427, 59 A. 112 (1904).

The record may not be as complete or as explicit as it could have been in regard to these personal expenses, but it unquestionably establishes personal expenses of decedent for his support and maintenance in an amount from $150.00 to $175.00 per month.

In one of their requested findings after remand, defendants expressly pointed out that:

"There should be deducted from the gross earnings of Jackie Raymond Varney, in order to obtain the reasonable expectation of pecuniary benefits to his personal representative, the following: Food, prepared at home and away from home; tobacco, alcoholic beverages, housing, fuel, light, water and refrigeration, household operations, house furnishings and equipment, clothing, clothing materials and services, personal care, medical care, recreation, reading, education, transportation, including automobile and other travel and transportation, and other expenditures not itemized, and State and Federal Income Taxes."

The case was remanded on the prior appeal for the express purpose of correcting the amount of the award. Any proper award must take into account the amount proved for decedent's support and maintenance. Since the award failed to consider this amount, the trial court should now be directed to reduce the award by the amount of such expenses supported by the evidence.

For the reasons stated, I dissent.

MOISE, Justice (concurring in part and dissenting in part):

While I agree with the majority in their application of jurisdiction on the prior appeal, I cannot follow their holding that personal living expenses which reasonably would have had to be deducted from earnings should not be considered in arriving at the award. Sufficient evidence was presented to furnish a basis for a finding. I do not agree that a finding was not requested by defendants, or that they agree that the proof submitted was not sufficient. To the contrary, while contending that they should be permitted to offer additional proof, they argue that they are nevertheless entitled to the deduction based on the proof presented.

Except for what is said by Judge OMAN concerning the jurisdictional question, I concur in his opinion.