452 P.2d 188

**C. L. VAN ORMAN and C. W. Van Orman, Plaintiffs-Appellees,**

v.

**Jess R. NELSON and Noemie J. Nelson, Defendants-Appellants.**

**No. 8672.**

Supreme Court of New Mexico.

March 24, 1969.

Jess R. Nelson, pro se.

Willard F. Kitts, John P. Eastham, Albuquerque, for appellants.

Stephenson, Campbell & Olmsted, Santa Fe, for appellees.

## OPINION

NOBLE, Chief Justice.

The single question presented by this appeal is whether the trial court exceeded the directions of the mandate and opinion of this court upon remand following a prior appeal in Van Orman v. Nelson, 78 N.M. 11, 427 P.2d 896.

█ It is firmly established in this jurisdiction that upon remand the district court has only such jurisdiction as the opinion and mandate of this court confer. Varney v. Taylor, 79 N.M. 652, 448 P.2d 164; Gruschus v. C. R. Davis Contracting Co., 77 N.M. 614, 426 P.2d 589; Wilson v. Employment Security Comm., 76 N.M. 652, 417 P.2d 455; Sproles v. McDonald, 74 N.M. 243, 392 P.2d 584; Chronister v. State Farm Mut. Auto. Ins. Co., 72 N.M. 159, 381 P.2d 673; State ex rel. Del Curto v. District Court, 51 N.M. 297, 183 P.2d 607.

█ The opinion of the court in the former appeal [78 N.M. 11, 427 P.2d 896] is the law of the case and is binding upon this court on a second appeal. Varney v. Taylor, supra. The defendants argue that the court, on remand, failed to follow our opinion and the mandate in that the trial court, in addition to finding the value of certain unimproved lots as directed, determined certain profits resulting from an exchange of these lots by the Nelsons.

The mandate and order of this court directed:

"The judgment of the district court is affirmed except as to that portion awarding appellee judgment against Nelson in the sum of $12,928.27, and as to such portion it is reversed and the cause remanded to the district court with directions to ascertain and find the value of the unimproved lots or require a conveyance by Nelsons of such lots to plaintiffs and redetermine the amount of the award."

The trial court construed the mandate to give to that court the option to determine the value of the unimproved lots or to require them to be reconveyed to plaintiffs. Upon this premise, the trial court found the value of these lots to be $1,600.00, both at the time they were acquired by Nelson and at the time of the hearing on remand and refused the offer of reconveyance. The trial court then went further and found that, by exchanging these lots and other Nelson property for improved property, Nelson made a profit of $5,291.09 by the sale of the traded property.

█ Whether right or wrong, the mandate and direction in the opinion is the limit and extent of the jurisdiction of the district court on remand. State ex rel. Del Curto v. District Court, supra. The profit realized from the sale of the traded property was improperly included in the judgment against Nelson. His offer to reconvey these lots to the plaintiff was refused by the trial court. Accordingly, Nelson is entitled to retain the lots but is chargeable with their value which is included in the amount of the judgment hereinafter directed.

█ By mere mathematical computation, if the amount of these profits improperly included in the judgment is deducted, the remainder, not objected to, is the sum of $7,828.27. This, likewise, accords with findings in the original case not appealed from and which are binding on the second appeal.

Since, under our construction of the mandate and direction of the opinion, the

amount of the judgment is only a matter of mathematical calculation, it is unnecessary to remand the case for further findings of fact. Accordingly, we reverse the judgment entered on remand entitled "Second Judgment and Order," and remand the cause with direction to vacate said second judgment and order, and to enter a new judgment in favor of plaintiffs and against the defendants in the sum of $7,828.27, together with interest from the date of said new judgment, the costs of this action and directing the manner of payment of such judgment. It is so ordered.

COMPTON and CARMODY, JJ., concur.