This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36823**

**GEORGE ROBERT MILLER,
BARBARA JEAN MILLER, and
CHARLES RICHARD MILLER,**

Plaintiffs-Appellants,

v.

**BANK OF AMERICA, N.A., as
Trustee of the Qualified Terminable
Interest Marital Trust and Family
Trust Created under the Last Will
and Testament of Rudolph C.
Miller, Jr., deceased,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Beatrice J. Brickhouse, District Judge**

Tucker Law Firm, P.C.
Steven L. Tucker
Santa Fe, NM

Pottow Law, LLC
Michael T. Pottow
Santa Fe, NM

for Appellants

Keleher & McLeod, P.A.
Thomas C. Bird
Kurt Wihl
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BOGARDUS, Judge**

**{1}** The opinion filed January 28, 2020, is hereby withdrawn, and this opinion is substituted in its place.

**{2}** George Miller, Barbara Miller, and Charles Miller ("Beneficiaries") appeal from the district court's finding that "mortgage interest was paid from trust principal" as requested by Trustee Bank of America, N.A.'s (the Bank), and thus, its denial of separate disgorgement of mortgage interest to Beneficiaries. On appeal, Beneficiaries argue (1) the district court's finding was not supported by substantial evidence; and (2) equitable principles of the law of the case, judicial estoppel, invited error, and judicial admission, espoused by the Bank, were inapplicable. We also observe that the district court did not require additional evidence on the question of damages presented by the New Mexico Supreme Court on remand. *Miller v. Bank of Am.*, 2015-NMSC-022, ¶¶ 1, 31, 352 P.3d 1162. We reverse the district court's ruling and remand for further evidentiary proceedings.

**BACKGROUND**

**{3}** This is the second appeal before this Court arising from the Bank's breach of fiduciary duties in the administration of the two testamentary trusts. *Miller v. Bank of Am., N.A.*, 2014-NMCA-053, ¶ 1, 326 P.3d 20, *rev'd on other grounds by*, 2015-NMSC-022, ¶ 1. Our factual overview in this memorandum opinion is drawn from prior opinions and the current record proper.

**{4}** In the prior appeal, the New Mexico Supreme Court held that Beneficiaries were entitled to recover damages representing both the restoration of the trusts' value and disgorgement of the Bank's self-dealing profits. *Miller*, 2015-NMSC-022, ¶¶ 5-7, 21, 31. Concluding that the trial record was insufficient, the Supreme Court remanded the case to the district court for further proceedings in order to determine the appropriate amount of damages and whether the mortgage interest and fees that profited the Bank were accounted for within the calculation of the diminution of the value of the trust principal. *Id.* ¶¶ 5-7, 28, 31. On remand, the district court held that the interest was paid from the principal, and accordingly, additional disgorgement was not required. Beneficiaries appeal.

**DISCUSSION**

**I.     The District Court's Finding That the Interest Payments Were Made From Principal Is Not Supported by Substantial Evidence**

**{5}** Beneficiaries argue the district court's finding was not supported by substantial evidence. We agree. "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *State ex rel. King v. B & B Inv. Grp.,*

*Inc.*, 2014-NMSC-024, ¶ 12, 329 P.3d 658 (internal quotation marks and citation omitted).

**{6}**     Our Supreme Court, after review of the evidence received at trial, was unable to resolve whether damages representing disgorgement—the mortgage interest and loan fees paid to the Bank—"were included in the calculation of the restoration award[,]" and deemed the record insufficient to resolve the issue on appeal. *Miller*, 2015-NMSC-022, ¶¶ 1, 7, 28-29. The Supreme Court noted:

> The resolution of this case depends on the calculations used to determine the decline in value of the trust principal awarded to Beneficiaries as restoration damages. If the calculations included the mortgage interest and loan fees, the Bank does not need to pay these amounts twice. However, if the losses to the trust did not include these amounts, the Bank must still disgorge its wrongful profits.

*Id.* ¶ 26. The Supreme Court further explained that the key question on remand is whether mortgage interest and loan fees were paid out of trust principal or out of trust income. *Id.* ¶¶ 28, 31. This distinction is determinative because "if the interest was paid out of trust income, restoration of the principal would not disgorge that profit" whereas if "[p]ayments from trust principal would have contributed to [the trusts'] decline in value [then] disgorgement would be accomplished by restoration of the amount of that decline." *Id.* ¶ 28.

**{7}**     On remand, the district court concluded that the interest was paid from the principal, and accordingly, additional disgorgement was not required. Despite our Supreme Court's express observation that it was "not clear from the record" whether the mortgage interest and loan fees were included in the amount awarded as restoration, and that "no testimony on this issue was presented by the parties, it was never clearly argued, and the district court did not make any specific findings as to whether the mortgage interest had actually been paid out of trust income or trust principal[,]" *id.* ¶¶ 29, 31, the district court nevertheless relied on the parties' arguments based solely on the existing trial record to answer the question without reviewing any additional evidence clarifying the basis of the initial calculation.

**{8}**     Specifically, Beneficiaries presented a summary of the trusts' tax returns that was admitted as an exhibit at trial and which shows mortgage interest being paid out of rental income, which our Supreme Court noted based on a prior district finding was "rife with error and unreliable." *Id.* ¶ 29 (internal quotation marks omitted). Beneficiaries also directed the district court's attention to its earlier finding that the Bank's failure to keep adequate records justified resolving all doubts regarding trust administration against the Bank, and as our Supreme Court had done in its opinion, Beneficiaries pointed out that New Mexico law would have required the Bank to make all interest payments out of trust income. *See id.*

**{9}** In response, the Bank relied on "admission theories," arguing that Beneficiaries were foreclosed from seeking a finding that mortgage interest and loan fees were paid from trust income under "(1) the law of the case, (2) judicial estoppel, (3) [the doctrine of] invited error[,] and (4) judicial admission." In doing so, the Bank relied largely upon the fact that Beneficiaries had argued—and the district court had found in its earlier judgment—that the Bank repeatedly invaded the trust principal by "borrowing against the principal assets of the [t]rusts."

**{10}** Beneficiaries responded, as they have maintained throughout these proceedings, that the Bank did invade principal by borrowing against trust assets. Beneficiaries also pointed out, however, that its position has no bearing upon the source of the mortgage interest payments, since the invasion of principal consisted of the Bank's investment of the loan proceeds "in an unproductive commercial building[,]" regardless of how interest payments were made. *Id.* ¶ 2.

**{11}** The Bank also argued that a sentence in Beneficiaries' brief in chief before our Supreme Court admitted the sole fact that was to be determined on remand: that the restoration damages included mortgage interest paid to the Bank. Beneficiaries asserted that the relevant sentence, which appeared in the middle of a paragraph summarizing the Bank's arguments before the district court and this Court, was not intended as a statement of fact. Ultimately, the district court did not rely upon that sentence, and we agree that the statement is, at best, ambiguous. We also note that the brief in question was filed in and therefore considered by our Supreme Court when it determined that remand was necessary to address the fact question outlined in the mandate on remand. If an admission in the briefing were sufficient to resolve that question, no remand would have been necessary.[1]

**{12}** And, finally turning to the trial evidence, the Bank pointed to testimony of Beneficiaries' expert during cross-examination regarding whether the Bank had established a reasonable depreciation reserve. When asked whether he was familiar with the distinction between principal and income, the expert responded "[y]eah, but I have not been asked to look at that." From that statement, the Bank extrapolated that Beneficiaries' expert "did not differentiate between principal and income" when calculating the restoration damages at issue in this case.

**{13}** Ultimately, the district court entered amended factual findings consistent with the Bank's position, including a finding "that mortgage interest was paid from trust principal." The court recited that this finding was "based on evidence from the [b]ench [t]rial," and was followed by four subparagraphs laying out its rationale. However, the sole item of evidence relied upon by the district court is the expert's testimony on cross-examination.

---

[1]The Bank made this very point below, in a different context, pointing out that there would have been "no reason to remand the case for further findings if this question were to be answered as a matter of law . . . as opposed to a question of fact." This reasoning, which the Bank asserted in response to Beneficiaries' reliance upon general trust law, is equally applicable to the Bank's own reliance upon doctrines that would have precluded the district court from addressing the factual question at hand.

**{14}**    As already noted, the cross-examination leading up to the testimony on which the district court relied was related to whether the Bank had established a reasonable depreciation reserve and did not involve any calculation of damages. The specific testimony consisted solely of the expert's acknowledgment that he understood the difference between principal and income, but that he had "not been asked to look at that." It is unclear from the record what relevance any distinction between principal and income might have had to the Bank's failure to maintain a depreciation reserve, but it is clear that the subject of the cross-examination leading up to that question did not involve a calculation of damages. As a result, we cannot read that testimony as having any bearing upon the question of whether the Bank paid mortgage interest from principal or whether such interest was included in the damages calculation produced by the expert. In sum, we conclude that the words "I have not been asked to look at that[,]" considered in context, cannot be construed as substantial evidence regarding the source of the mortgage interest payments at issue on remand.

**{15}**    The remaining material relied upon by the district court in finding that the mortgage interest was paid from trust principal was not evidence. Instead, the court cited to Beneficiaries' consistent position throughout this litigation that the Bank invaded the trust principal by mortgaging trust property. That position, however, did not depend upon the Bank having improperly made mortgage interest payments from trust principal, since the loan principal, itself, was used for an improper purpose—investing trust assets in an unproductive commercial building. *See Miller*, 2015-NMSC-022, ¶ 2 ("Beneficiaries alleged that the Bank had invested trust assets in an unproductive commercial building in direct violation of express trust provisions and had thereby caused the loss of trust value in breach of its duty of care."). Similarly, the finding contained in the original judgment in this case, that the Bank invaded the trust principal by "borrowing against the principal assets of the [t]rusts," does not establish that mortgage interest was paid from trust principal. An improper invasion of principal occurred when the loan proceeds were used for a forbidden purpose, regardless of how any loan fees or interest were paid. Accordingly, we cannot conclude that Beneficiaries' legal argument regarding the Bank's breaches of the duty of care amount to a factual admission regarding the payment of loan fees and interest.

**{16}**    And, in any event, our Supreme Court was aware of both Beneficiaries' theory of this case and the district court's prior factual findings when it determined that the record was insufficient to identify the source of the mortgage interest and loan fees paid to the Bank. *See id.* ¶ 31. If that question could have been answered as a matter of law, there would have been no need for a remand. Instead, based upon the record that was available at the time of the last appeal in this case, the Supreme Court determined there was insufficient evidence to resolve that question. Having devoted their energies on remand to an exhaustive re-examination of that trial record, the parties appear to have verified our Supreme Court's conclusion that the available record is insufficient to answer the question posed by the mandate on remand.

**{17}**    It is unsurprising that the source of mortgage interest and loan fee payments was not fully addressed at trial because the issue of a potential double recovery was not

raised until after trial—when the Bank objected to Beneficiaries' proposed form of judgment. As a result it seems that the only admitted evidence directly relevant to the payment of mortgage interest is an exhibit prepared by Beneficiaries' expert on the basis of the Bank's tax returns. Because of the acknowledged unreliability of the Bank's records and the absence of any testimony on the topic, however, that document was deemed insufficient to resolve, on appeal, the fact question regarding the source of payments of interest and fees to the Bank. *Id.* ¶ 29. To the extent that the district court does not find that evidence credible on the issue in question, it seems that the current record may contain no substantial evidence upon which to base a finding regarding whether the mortgage interest and loan fees were paid out of trust income or trust principal. *See id.* As such, the judgment now on appeal is premised upon a factual finding that is not supported by evidence.

## II.　　The Bank's Admission Theories Are Inapplicable

**{18}**　　We next briefly address the equitable "admission theories" raised by the Bank: "(1) the law of the case, (2) judicial estoppel, (3) [the doctrine of] invited error[,] and (4) judicial admission."

**{19}**　　We consider these equitable theories inapplicable in this case because they exceed the scope of the district court's jurisdiction on remand, which was limited to the task our Supreme Court directed the district court to complete. *See State ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶ 22, 145 N.M. 769, 205 P.3d 816 (holding that an opinion in a prior appeal "set[s] forth the full extent of the jurisdiction of the district court on remand" and constitutes the law of the case binding on the district court as well as subsequent appellate courts, and is to be referred to if there is any doubt or ambiguity regarding mandate)*; Varney v. Taylor*, 1968-NMSC-189, ¶ 9, 79 N.M. 652, 448 P.2d 164 ("[I]t is the settled law of this jurisdiction that upon remand the district court has only such jurisdiction as the opinion and mandate of this [C]ourt confer."). The equitable defenses, as applied by the district court, are therefore inappropriate where the Supreme Court specifically directed the district court to consider an issue in a different light, with clear instructions as to the outcome based on its conclusions, specifically noting that the existing record was insufficient to answer the question. *See Miller*, 2015-NMSC-022, ¶ 31. The district court on remand was to consider the question of disgorgement damages and, *because the trial record was insufficient*, determine whether mortgage interest and loan fees were paid out of trust principal or out of trust income. Any other consideration would exceed the scope of the remand.

**{20}**　　Moreover, the principles applicable with the equitable doctrines raised by the Bank are for circumstances different from those raised here. Accordingly, the district court's reliance on these equitable doctrines was improper because the district court is limited to the Supreme Court's instructions on remand. *Id.*; *Varney*, 1968-NMSC-189, ¶ 9. We also note that given the insufficiency of the record highlighted by the Supreme Court, on remand the district court may consider any evidence it deems admissible whether or not included in the original trial record.

**CONCLUSION**

**{21}** For the reasons stated, the judgment of the district court is reversed and remanded for proceedings consistent with this opinion and the Supreme Court mandate in the previous appeal.

**{22}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**