The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: **September 25, 2024**

**No. A-1-CA-40529**

**MARALYN BECK,**

Plaintiff-Appellee,

v.

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Victor S. Lopez, District Court Judge**

Western Agriculture, Resource and
Business Advocates, LLP
A. Blair Dunn
Jared R. Vander Dussen
Albuquerque, NM

for Appellee

Long, Komer & Associates, P.A.
Nancy R. Long
Jonas M. Nahoum
Santa Fe, NM

for Appellant

**OPINION**

**YOHALEM, Judge.**

{1}     This appeal is brought under the Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 through -12 (1947, as amended through 2023).[1] Defendant Children, Youth, and Families Department (CYFD) appeals the district court's judgment requiring CYFD to make available for inspection in response to Plaintiff Maralyn Beck's request the names, email addresses, and physical addresses[2] of CYFD licensed foster parents. CYFD redacted this personally identifying information from its responses to Plaintiff's requests for emails, text messages, and meeting notes mentioning Plaintiff by name, and refused to disclose a list of foster parents' names, email addresses, and physical addresses altogether in its response to Plaintiff's second request, claiming that the names and other personally-identifying

---

[1]The requests at issue in this appeal were submitted in August 2019, and August 2020. The language of IPRA was amended in 2023, but the specific sections relied on by the parties have not substantially changed. The 2023 amendment renumbered the catchall, "as otherwise provided by law" exception to IPRA from Section 14-2-1(H) to Section 14-2-1(L). The amendment also renumbered Section 14-2-6(E), which defines "protected personal identifier information," to Section 14-2-6(F), and added to the personal identifier information protected under that section all but the last four digits of credit and debit card numbers, *see* Section 14-2-6(F)(1)(c), and the home addresses of public employees, *see* Section 14-2-6(F)(4). We, therefore, cite the 2023 version of IPRA throughout this opinion for ease of reference, and to prevent confusion about the current law.

[2]The parties in briefs in this Court, and in their summary judgment motions in the district court, sometimes include physical addresses in the information they claim was improperly redacted, and sometimes mention only the redaction of names and email addresses. We address the redaction of both types of addresses.

information of foster parents sought by Plaintiff is exempt from disclosure under the catchall, "as otherwise provided by law" exception to IPRA inspection. *See* § 14-2-1(L). Plaintiff claims that Sections 14-2-6(F) and 14-2-1.1, which together allow state agencies to redact certain "protected personal identifiers" from all documents prior to their inspection under IPRA, provide the exclusive list of personally identifying information that may be exempted from inspection by a public agency under IPRA. According to Plaintiff, no agency may rely on a regulation promulgated by that agency to make additional personally identifying information confidential and exempt from inspection under IPRA's catchall exception. Because names, physical addresses (other than for public employees), and email addresses are not included in the definition of "protected personal identifier information" listed in Section 14-2-6(F), Plaintiff argues that foster parents' names, email addresses, and physical addresses must be made available for inspection. We agree with CYFD that the redaction of "protected personal identifier information" before inspection authorized by Sections 14-2-6(F) and 14-2-1.1 was not intended by the Legislature to restrict the application of the catchall, "as otherwise provided by law" exception. *See* Section 14-2-1. The provisions allowing redaction of "protected personal identifier information" provide a separate and additional protection against disclosure of an individual's public and private account numbers, numbers which if disclosed, might facilitate unauthorized invasion of personal accounts, and other

2

particularly sensitive identifying information. The plain language of IPRA does not express legislative intent to restrict the catchall exception. Because we conclude that CYFD's regulation protecting the personally identifying information of foster parents is a regulation having the force of law, enforceable under the "as otherwise provided by law" exception, we reverse the decision of the district court.

**BACKGROUND**

{2}      Plaintiff submitted two IPRA requests to CYFD relevant to this appeal: one on August 1, 2019 (August 2019 request), and the other on August 10, 2020 (August 2020 request). Plaintiff's August 2019 request sought emails, text messages, and meeting notes from all CYFD protective services employees over the previous eighteen-month period that mentioned Plaintiff by name. In response, CYFD produced 839 pages of records. Foster parents' email addresses and other personally identifying information were redacted with the explanation that CYFD deemed them exempt, pursuant to 8.26.4.21(B) NMAC (05/29/2009)[3] ("the Regulation" or "the CYFD Regulation"), adopted under the authority of the Children's Code, NMSA

---

[3]Regulation 8.26.4.21 NMAC (05/29/2009) was repealed and replaced by 8.26.4.22 NMAC (02/11/2020). Plaintiff's first request was submitted while the 2009 version of the regulation was in effect. The district court relied on the 2020 regulation, which was adopted between the two requests, and the parties on appeal rely on that version of the regulation. The new regulation, 8.26.4.22(B) NMAC (02/11/2020), states that "all case records and identifying information including foster and adoptive families . . . are confidential." Because the changes in wording do not affect the merits of the issue before this Court, we join the district court and the parties in relying on the 2020 regulation.

1978, § 32A-4-33(A) (2016, amended 2022), which provides that "[a]ll records or information concerning a party to a neglect or abuse proceeding . . . shall be confidential and closed to the public." The CYFD Regulation provides that "all case records and identifying information including foster and adoptive families, and applicant files are confidential and may not be publicly disclosed." 8.26.4.22(B) NMAC.

{3} Plaintiff's August 2020 request sought "a list of all foster care providers and parents . . . in New Mexico who currently possess a license, or formerly held a foster care license in the last [eighteen] months." CYFD denied this request, explaining "all case records and identifying information including foster and adoptive families," and "applicant files are confidential and may not be publicly disclosed," citing the Regulation, and further explaining that the Regulation was incorporated into IPRA by Section 14-2-1(L), the catchall "as otherwise provided by law" exception.

{4} Plaintiff filed suit under IPRA challenging, in relevant part, CYFD's refusal to provide the list of names, email addresses, and other personally identifying information for CYFD-licensed foster parents in response to her August 2020 request, and CYFD's redaction of the personally identifying information of foster parents in the emails, text messages, and meeting notes and minutes disclosed in response to Plaintiff's August 2019 request.

4

{5}     Plaintiff and CYFD each filed motions for summary judgment. CYFD argued that Section 14-2-1(L) incorporates as exemptions to inspection under IPRA the confidentiality provisions of statutes, regulations, the constitution, and court rules, relying on our Supreme Court's decision in *Republican Party of New Mexico v. New Mexico Taxation & Revenue Department* (*Republican Party II*), 2012-NMSC-026, 283 P.3d 853. CYFD acknowledged that to qualify for the catchall exception, a regulation must meet the two-part test set out in *City of Las Cruces v. Public Employee Labor Relations Board*, 1996-NMSC-024, ¶ 5, 121 N.M. 688, 917 P.2d 451. That test requires that a regulation (1) be promulgated pursuant to a statutory delegation of rulemaking authority to the agency; and (2) be based on and serve the purposes of a statute or statutes that are specifically "relate[d] to the effects of disclosure and the confidentiality of the information." *Am. Civ. Liberties Union of N.M. v. N.M. Corr. Dep't*, ___-NMCA-___, ¶ 16, ___ P.3d ___ (A-1-CA-40486, May 31, 2024). There was no dispute as to the first prong of the test—CYFD's authority to promulgate regulations implementing the Children's Code. As to the second prong, CYFD pointed to multiple sections of the Children's Code protecting information that might be used to identify children in CYFD custody and their families or adoptive families[4] as the statutory basis for the

---

[4] *See* § 32A-4-33(A), (D); NMSA 1978, § 32A-5-8 (2009); NMSA 1978, § 32A-6A-24(A) (2008, amended 2024); NMSA 1978, § 32A-3B-22(A) (2005); NMSA 1978, § 32A-5-6 (2003).

Regulation, which protects both direct information about children in CYFD's care, their parents and adoptive parents, and foster parents.

{6} Plaintiff argued, both in its response to CYFD's motion for summary judgment and in its own motion for summary judgment, that the Regulation did not properly reflect legislative intent in the Children's Code to make foster parents personally identifying information confidential, and alternatively, IPRA's Section 14-2-6(F) list of "protected personal identifier information" was the exclusive list of personally identifying information that was exempt from inspection under IPRA, superseding any agency regulation. Plaintiff did not directly address the application of the catchall exception relied on by CYFD, couching its argument as whether the personally identifying information redacted by CYFD fit the definition of a public record and whether it was listed in Section 14-2-6(F).

{7} CYFD filed a reply addressing Plaintiff's implicit argument that Sections 14-2-6(F) and 14-2-1.1, together allowing redaction of "[p]rotected personal identifier information," preempted the catchall provision's incorporation of the Regulation. CYFD's reply distinguished *Dunn v. New Mexico Department of Game and Fish*, 2020-NMCA-026, 464 P.3d 129, the sole precedent relied on by Plaintiff. CYFD pointed out that the agency in *Dunn* did not cite any statute or regulation supporting an IPRA exception, and therefore, did not rely on the catchall exception. *See id.* ¶ 5. The Department of Game and Fish in *Dunn* asserted an exception for the personal

information of licensed hunters solely on policy grounds. *Id.* CYFD contended that *Dunn* simply reiterates our Supreme Court's holding in *Republican Party II* that exceptions to IPRA must be based on either a specific exception listed in IPRA Section 14-2-1, or on a statute or regulation, a court rule, or a constitutionally-based privilege, which is incorporated under IPRA's catchall exception, and cannot be based solely on policy grounds. *See Republican Party II*, 2012-NMSC-026, ¶ 16 (doing away with the "rule of reason").

{8}     The district court initially entered summary judgment in CYFD's favor, adopting CYFD's view that IPRA's catchall "as otherwise provided by law" exception incorporated the CYFD Regulation. Plaintiff filed a timely motion to reconsider, arguing that this Court's notice of proposed summary disposition in *Rio Grande Foundation v. Sanchez*, A-1-CA-39456, mem. op. (N.M. Ct. App. Mar. 4, 2022) (nonprecedential), issued after the district court's entry of its judgment, adopted Plaintiff's position that Sections 14-2-6(F) and 14-2-1.1's list of "[p]rotected personal identifier information" provided the exclusive list of personally identifying information exempt from inspection under IPRA.

{9}     In its response to the motion to reconsider, CYFD again distinguished both *Dunn* and *Sanchez*, the two cases relied on by Plaintiff, pointing out that these cases simply rejected the continued application of the "rule of reason" and said nothing

about the application of the catchall exception to incorporate a validly adopted agency confidentiality regulation.

{10} The district court granted Plaintiff's motion for reconsideration, withdrawing its prior judgment and entering a final judgment for Plaintiff. The district court found that Plaintiff's citation to *Sanchez* "was persuasive" and that Section 14-2-1(L) and *Public Employee Labor Relations Board*, 1996-NMSC-024, "cannot be read to add information into the list of personal identifying information that the Legislature provided in . . . [Section] 14-2-6[(F)]." CYFD appealed.

**DISCUSSION**

{11} Before discussing the issues raised by the parties on appeal, we briefly address the dissent's position that we lack appellate authority to review the merits of CYFD's appeal from the district court's final judgment, and should limit our review to whether the district court abused its discretion in granting Plaintiff's motion to reconsider. We do not agree. The district court granted Plaintiff's timely motion to reconsider, withdrew its prior decision, and substituted a new judgment taking a different position from its original nonfinal decision. As the committee commentary to Rule 1-059 NMRA notes, a district court has authority to enter a new judgment upon granting a motion to reconsider. *See* Rule 1-059 comm. cmt. CYFD filed a timely appeal from that judgment for Plaintiff, challenging the judgment on its merits, and arguing that this Court should reverse. Plaintiff responded in kind,

arguing for affirmance of the judgment on its merits. Neither party addressed the question raised by the dissent: whether the district court abused its discretion by granting the motion to reconsider. We, therefore, are required to address the merits of CYFD's appeal seeking reversal and of Plaintiff's arguments for affirmance.[5] No party was denied a full opportunity to make their arguments on the merits of this appeal.

{12} CYFD argues on appeal, as it did in the district court, that the catchall, "as otherwise provided by law" exception to IPRA inspection incorporates the CYFD Regulation providing that foster parent identifying information is confidential. In response, Plaintiff contends, as she did in the district court, that Section 14-2-6(F), which defines the term "protected personal identifier information" by listing seven personal identifiers, together with Section 14-2-1.1, which allows redaction of these personal identifiers from all documents before public inspection, is the exclusive list of personally identifying information exempted from disclosure under IPRA. Plaintiff argues that Sections 14-2-6(F) and 14-2-1.1 together supersede the "as otherwise provided by law exception," as applied to personally-identifying information made confidential by regulations. As an alternative argument for

---

[5]An appellee is permitted to make an alternative argument for affirmance, which this Court considers if we decide that reversal is required based on the argument raised by the appellant. *See* Rule 12-201(C) NMRA. Plaintiff made such an argument in this appeal.

affirmance, Plaintiff claims that the CYFD Regulation protecting the identity of foster parents is not authorized by the Children's Code, and therefore exceeds CYFD's authority.

{13}	We begin our discussion with the standard of review and then proceed to consider the parties' conflicting positions on the construction of Sections 14-2-6(F) and 14-2-2.1 and the impact of those provisions on the catchall, "as otherwise provided by law" exception, Section 14-2-1(L). We then turn to address CYFD's argument that the Regulation has the force of law for purposes of the "as otherwise provided by law" exception to IPRA, and Plaintiff's contention that the Regulation exceeds CYFD's statutory authority.

**I.	Standard of Review and Statutory Construction**

{14}	The questions raised by the parties on appeal are questions of statutory interpretation. Where, as here, there are no facts in dispute, we review such questions de novo. *See Dunn*, 2020-NMCA-026, ¶ 3 (noting that this Court reviews de novo disputes that require us to "construe the statute and apply the relevant case law to undisputed facts"). There being no genuine issue of material fact, our review of the district court's grant of summary judgment is also de novo. *See Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582.

{15}	Our primary goal in construing a statute is to give effect to the Legislature's intent. *See Lujan Grisham v. Romero*, 2021-NMSC-009, ¶ 23, 483 P.3d 545. "The

10

starting point in every case involving the construction of a statute is an examination of the language utilized by the Legislature in drafting the pertinent statutory provisions." *State v. Rivera*, 2004-NMSC-001, ¶ 10, 134 N.M. 768, 82 P.3d 939 (alteration, internal quotation marks, and citation omitted). "We look first to the words chosen by the Legislature and the plain meaning of the Legislature's language," together with "the context in which it was enacted, taking into account its history and background." *Pirtle v. Legis. Council Comm. of N.M. Legislature*, 2021-NMSC-026, ¶¶ 14, 90, 492 P.3d 586 (Bacon and Thomson, JJ, dissenting) (internal quotation marks and citation omitted). "As a cardinal canon of statutory interpretation, we presume that a legislature says in a statute what it means and means in a statute what it says." *State v. Rael*, 2024-NMSC-010, ¶ 40, 548 P.3d 66 (internal quotation marks and citation omitted). "This and other linguistic canons serve as aids for analyzing a statute's text and context and providing guides to solving the puzzle of textual meaning." *Id.* (alterations, internal quotation marks, and citation omitted). As our Supreme Court has recently explained, "The consideration of linguistic canons is not a step beyond a plain-meaning analysis but is part and parcel of such an analysis." *Id.*

**II.     The IPRA Sections at Issue**

{16}    IPRA Section 14-2-6(F), first adopted by the Legislature in 2011, introduces the term "protected personal identifier information" into IPRA, defining it to mean:

11

(1) all but the last four digits of a:

(a) taxpayer identification number;

(b) financial account number;

(c) credit or debit card number; or

(d) driver's license number;

(2) all but the year of a person's date of birth;

(3) a social security number; and

(4) with regard to a nonelected employee of a public body in the context of the person's employment, the employee's nonbusiness home street address, but not the city, state or zip code.

{17} Section 14-2-1.1, entitled "[p]ersonal identifier information," also first enacted by the 2011 amendments to IPRA, provides:

Protected personal identifier information contained in public records may be redacted by a public body before inspection or copying of a record. The presence of protected personal identifier information on a record does not exempt the record from inspection. Unredacted records that contain protected personal identifier information shall not be made available on publicly accessible websites operated by or managed on behalf of a public body.

This language was originally included in the 2011 amendment as Subsection (B) of Section 14-2-1, the provision listing, in Subsection (A), the exceptions to inspection of public records. In 2019, without any change in its language, this provision was moved to its current placement in Section 14-2-1.1, separating it entirely from Section 14-2-1's list of exceptions to inspection.

12

{18} Section 14-2-1 states the right of every person to inspect public records and provides a list of exceptions to that right, providing:

Every person has a right to inspect public records of this state except:

[Exceptions A through K]; and

L.    as otherwise provided by law.

The catchall, "as otherwise provided by law" exception for public information made confidential by other statutes, regulations, constitutionally-based privileges, and court rules, has been part of IPRA since its original enactment in 1947 N.M. Laws, ch. 130, § 1.

## III.    *Sanchez* and *Dunn* Do Not Resolve the Question of Statutory Interpretation on Appeal

{19} Rather than beginning with the language of the relevant IPRA provisions and construing that language, Plaintiff argues that the issue of statutory construction before this Court has already been resolved by *Dunn*, 2020-NMCA-026, a decision of this Court, and by this Court's recent proposed notice of proposed summary disposition in *Sanchez*, A-1-CA-39456, mem. op. Because we would not need to pursue the analysis further if indeed there is controlling precedent, we address Plaintiff's argument concerning these cases first. *See D.W. v. B.C.*, 2022-NMCA-006, ¶ 18, 504 P.3d 559 (noting that our statutory analysis is guided by prior appellate opinions construing the same statute).

13

{20} We do not agree that the cases relied on by the Plaintiff resolve the question on appeal. The unpublished notice of proposed summary disposition in *Sanchez*, relied on by Plaintiff as new and persuasive precedent, is not even a decision of this Court, let alone a precedential decision. Notices of proposed summary disposition are documents directed solely to the parties for their response as part of this Court's summary calendar process. They are not decisions. *See* Rule 12-210(D)(1)-(2) NMRA (describing the summary calendar process). When no response was received from either party to this Court's proposal to affirm, this Court affirmed based on the failure to respond. *See Sanchez*, A-1-CA-39456, mem. op. ¶ 1. The *Sanchez* memorandum decision, therefore, cannot reasonably or properly be relied on to provide guidance on the merits of any other case.

{21} *Dunn*, the other decision of this Court relied on by Plaintiff, is a precedential decision. 2020-NMCA-026. *Dunn*, however, does not adopt Plaintiff's argument in this appeal that a public agency cannot, after the enactment of Sections 14-2-6(F) and 14-2-1.1, rely on a regulation to make any sort of personally identifying information exempt from inspection under IPRA. *Dunn* instead concludes only that the Department of Game and Fish cannot redact the names and email addresses of applicants for hunting licenses from records produced for inspection based solely on agency policy. 2020-NMCA-026, ¶ 11. *Dunn* relies on our Supreme Court's decision in *Republican Party II*, 2012-NMSC-026, ¶ 16, which rejects the application of the

14

"rule of reason," no longer allowing agencies to rely on policy alone to exempt documents from inspection. *Dunn*, 2020-NMCA-026, ¶ 14 (internal quotation marks and citation omitted). Importantly, the Department of Game and Fish, the defendant in *Dunn*, did not rely on a statute or a regulation. *See id.* (holding that "accepting [the agency's] position . . . is tantamount to creating an additional policy-based exception not identified in IPRA or in other statutes and regulations or in privileges adopted by our Supreme Court, nor mandated by our constitution"). This Court's decision in *Dunn*, therefore, does not adopt Plaintiff's argument that Sections 14-2-6(F) and 14-2-1.1 supersede any duly promulgated agency regulation that exempts personally identifying information from disclosure. We, therefore, do not rely on *Dunn* or *Sanchez* to resolve the issues of statutory construction raised by this appeal.

## IV.     Statutory Construction

{22}     We now turn to the plain language of the IPRA provisions at issue, applying our canons of statutory construction to aid our analysis. We look first to the language of Section 14-2-6(F), the provision that defines the "protected personal identifier information" that the Legislature allows agencies to redact prior to production of public records.

{23}     Plaintiff's brief uses the term personally identifying information interchangeably with the term used by, and specifically defined by, the Legislature in Section 14-2-6(F)—"protected personal identifier information." We do not agree

15

that "protected personal identifier information" and personally identifying information mean the same thing or that they can be used interchangeably. The Legislature specifically defines the phrase "protected personal identifier information" as referring to a limited list of numbers used by government agencies and financial institutions to identify a particular individual's account with that agency or institution, and related identifying information such as birth date, driver's license number, and home address. *Id.* (listing an individual's social security number; all but the last four digits of an individual's taxpayer identification number; an individual's credit or debit card numbers; an individual's bank account or other financial account number; an individual's driver's license number, and an individual's birth date, except for the year, and home addresses of state employees).

{24} The nature of the information defined by Section 14-2-6(F) as "protected personal identifier information," together with the use of a unique term to describe this information, distinguishes it from personally identifying information. The latter term is commonly used to refer to names, addresses, email addresses, telephone numbers which identify an individual. *See Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't* (*Republican Party I*), 2010-NMCA-080, ¶ 13, 148 N.M. 877, 242 P.3d 444 (defining "personal information" as "information that identifies an individual," including the individual's name, address, email address, telephone number, and medical or disability information), *rev'd on other grounds*, *Republican*

*Party II*, 2012-NMSC-026. When a statute, regulation, privilege, or court rule makes an individual's identifying information confidential, it is this information—name, address, email address, telephone number—that is generally protected from disclosure.

{25} The confidentiality provisions found in the Children's Code, the Public Employee Labor Relations Act, and the Driver's Privacy Protection Act, to name a few such statutes, serve a variety of purposes, generally quite different than the redaction of account numbers and related information from all documents produced for inspection authorized by Section 14-2-1.1. The confidentiality regulation reviewed by our Supreme Court in *Public Employee Labor Relations Board* served the statutory purpose of protecting public employees from retaliation by management for their involvement in forming a union. 1996-NMSC-024, ¶¶ 6-7; *see Edenburn v. N.M. Dep't of Health*, 2013-NMCA-045, ¶ 26, 299 P.3d 424 (describing the basis of the exemption from disclosure in *Public Employee Labor Relations Board*, 1996-NMSC-024). CYFD argues that the Regulation serves the statutory purpose of protecting the confidentiality of the children and families it serves, as mandated by statute. The "as otherwise provided by law" exception plainly states legislative intent to incorporate these varied confidentiality provisions as exceptions to IPRA.

17

{26} We note that the "as otherwise provided by law" exception to inspection has been included in IPRA since it was originally enacted in 1947. *See* 1947 N.M. Laws, ch. 130, § 1. Although the Legislature has gradually added specific exceptions to IPRA, the "as otherwise provided by law" exception has remained part of IPRA. It is apparent both from the plain language of the catchall provision, and from its construction by our courts over the years, that the Legislature's purpose is to allow the confidentiality provisions of other statutes, regulations, court rules, and constitutional privileges to be applied as exceptions to IPRA inspection and to do so without the Legislature having to enact each of them again as part of IPRA. Rather than drafting an extensive list of exceptions applicable to all agencies and all areas of law, a difficult, if not impossible task, the Legislature has deferred to its own statutes addressing confidentiality within unique subject-matter contexts, as well as to agency regulations properly promulgated to serve the statutory purposes of that confidentiality legislation. *See, e.g.*, *Pub. Emp. Lab. Rels. Bd.*, 1996-NMSC-024, ¶ 7 (holding that a regulation protecting the identity of individuals petitioning to create an employee union serves the purposes of the Public Employee Labor Relations Act and is thus incorporated as an IPRA exception under the catchall "as otherwise provided by law" exception).

{27} We note that Plaintiff points to no language in either Sections 14-2-6(F) or 14-2-1.1 that suggests that the Legislature intends these two sections to limit or

replace any of the exceptions incorporated by the catchall "as otherwise provided by law" exception. In addition to the plain language of Sections 14-2-6(F) and 14-2-1.1 expressing the Legislature's intent to protect the financial information of all members of the public by allowing specific redactions, the placement of this provision in a statutory section separated from the list of exceptions to inspection strongly suggests legislative intent to add redaction of these personal identifiers to the process of producing public records for inspection, without amending, superseding, withdrawing, or repealing any portion of the existing exceptions to inspection. We, therefore, conclude that the plain language of IPRA does not support the Plaintiff's construction of Sections 14-2-6(F) and 14-2-1.1.

**V.      The CYFD Regulation Serves the Purposes of the Children's Code Confidentiality Provisions, and It, Therefore, Has the Force of Law**

{28}      We briefly address Plaintiff's claim, argued under appellate Rule 12-201(C) as an alternative basis for affirming the district court's judgment, that the Children's Code provisions relied on by CYFD as statutory authority for the Regulation do not in fact authorize CYFD to adopt a regulation protecting the personally identifying information of foster parents. We understand Plaintiff to contend that the CYFD Regulation does not have the statutory authorization needed for the Regulation to qualify as having the force of law for purposes of the IPRA catchall exception.

{29}      During the pendency of this appeal, this Court clarified the conditions a regulation must meet to be recognized as having the force of law for purposes of the

19

IPRA catchall exception. In its decision in *American Civil Liberties Union of New Mexico*, this Court explained that two requirements must be met before a regulation will acquire the force of law necessary to qualify for the IPRA catchall exception. ___-NMCA-___, ¶ 16. First, the agency must be authorized by statute to promulgate regulations necessary for its administration. *See id.* The promulgation of a regulation authorized by such generalized rulemaking authority, however, is not enough to give a confidentiality regulation the force of law necessary to create an exception to IPRA inspection. We held in *American Civil Liberties Union of New Mexico* that a regulation exempting information from inspection under IPRA must meet a second requirement: it must be "based on more specific statutes that relate[s] to the effects of disclosure and the confidentiality of the information." *Id.* ¶ 15. Relying on our Supreme Court's opinion in *Public Employee Labor Relations Board*, 1996-NMSC-024, and this Court's opinion in *Edenburn*, 2013-NMCA-045, ¶ 26, we concluded in *American Civil Liberties Union of New Mexico* that there need not be an explicit statutory statement that the information is intended to be confidential; it is enough for an agency to point to a statute relating to the confidentiality of the information, and to show that its regulation was "necessary to carry out the statute's purposes." *Id.* ¶ 16 (internal quotation marks and citation omitted).

{30}     CYFD points to multiple confidentiality provisions within the Children's Code,[6] which we agree are plainly intended to protect any information concerning the identity of children and families who are in CYFD's care. Although parents and adoptive parents are specifically mentioned, foster parents are not. *Id.* Plaintiff argues that these statutory provisions authorize only limited regulations, protecting the names and identifying information of children, parents, and adoptive parents. We do not agree. Under the relevant principles of law, a regulation, to have the force of law, need not simply repeat the language of the authorizing statute. If this were the case, no regulation would be needed. The statute would itself establish an exemption under IPRA's catchall provision. A regulation has the force of law if it is necessary to carry out the statute's purpose.

{31}     We agree with CYFD that its Regulation prohibiting the disclosure of information identifying foster parents by their names, physical addresses, and email addresses is necessary to protect the identity of children, parents, and adoptive parents served by CYFD, as required by the cited statutory sections. We are persuaded that it is reasonable for CYFD to believe that the disclosure of the identity and contact information of foster parents caring for children in CYFD custody is likely to allow the recipients of that information to identify and locate children in

---

[6]*See* § 32A-4-33(A), (D); § 32A-5-8; § 32A-6A-24(A); § 32A-3B-22(A); § 32A-5-6.

21

CYFD's care, who, after all, reside in the homes of these foster parents. Protection of foster parents' names and addresses and contact information is necessary to protect the identity and location of these children. The Regulation thus serves the purposes of the multiple confidentiality statutes relied on by CYFD. It, therefore, has the force of law and is incorporated by the catchall exception to IPRA.

**CONCLUSION**

{32}    For the above reasons, we reverse the district court's grant of Plaintiff's motion for summary judgment and remand for entry of judgment for CYFD in accordance with this opinion.

{33}    **IT IS SO ORDERED.**

_____
**JANE B. YOHALEM, Judge**

**I CONCUR:**

_____
**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge, dissenting.**

**HENDERSON, Judge (dissenting).**

{34}     I respectfully dissent from the majority opinion. I cannot agree that the resolution of this case necessitates an analysis of CYFD's arguments regarding the grant of summary judgment in its favor. To preserve Plaintiff's constitutional right to an appeal, we must refrain from wading into the merits of the parties' cross motions for summary judgment. I explain my position after providing a brief background of the case and the facts giving rise to this appeal.

{35}     Plaintiff sent three IPRA requests to CYFD in 2019 and 2020. The first request sought "[a]ny and all emails, text messages and meeting notes that relating [sic] to and/or including 'Maralyn' and or 'Maralyn Beck' since August 1, 2018 from CYFD Protective Services employees." In response to this request, "CYFD produced approximately 839 pages of records with foster parents' email addresses and identifying information redacted." The second request sought "a list of all foster care providers and parents for the past [eighteen] months in New Mexico who currently possess a license, or formerly held a foster care license in the last [eighteen] months." CYFD denied this request and "explained that identifying information of foster parents and adoptive families is confidential under . . . Regulation [8.26.4.22(B) NMAC] (the Regulation)." The third request sought "all emails concerning state business from any and all private email servers or accounts of Brian Blalock [(CYFD

23

Cabinet Secretary)] from January 1st 2019 to the present." Defendant CYFD responded that they "ha[d] not located any records responsive to this request."

{36} Subsequently, Plaintiff filed suit under IPRA based on CYFD's refusal to provide the redacted information she sought in her first request, the list of foster care providers she sought in her second request, and Brian Blalock's emails that she sought in her third request. Both Plaintiff and CYFD moved for summary judgment. In her motion, Plaintiff argued that, in response to her first request, CYFD improperly redacted and withheld information outside of the definition of "protected personal identifier information" provided in Section 14-2-6(E) [7] and thus violated IPRA. Additionally, Plaintiff argued that, in response to her second request, the documents she sought were not confidential and that, in response to her third request, the emails are public records. In its motion, CYFD argued that it had properly redacted and withheld information in response to Plaintiff's first and second request because the Regulation was duly promulgated and "ha[d] the force of law to apply through IPRA's 'as otherwise provided by law' exemption to mandate the confidentiality of information that could identify foster parents." After a hearing on

---

[7]Since Plaintiff submitted her IPRA requests, IPRA has been amended and its subsections have been redesignated. *Compare* § 14-2-1 (2019), *with* § 14-2-1 (2023). Because these amendments do not impact our analysis, and Plaintiff's requests reference the pre-redesignated statute, I refer to the 2019 version of the statute.

both motions, the district court denied Plaintiff's motion for summary judgment and granted CYFD's motion.

{37} Then, Plaintiff filed a motion to reconsider, arguing that this Court's proposed calendar notice in *Sanchez*, A-1-CA-39456, was analogous to her case and warranted summary judgment in her favor. In this motion, Plaintiff only requested reconsideration of the district court's order regarding her first two IPRA requests and did not seek reconsideration of the court's ruling as to her third IPRA request. In response, CYFD argued that *Sanchez* was factually and legally distinguishable from the current case and did not support reversing the district court's grant of summary judgment in its favor and the denial of Plaintiff's motion for summary judgment. After hearing argument on the motion to reconsider, the district court reversed its prior ruling, thereby denying CYFD's motion for summary judgment and granting Plaintiff's motion for summary judgment. Specifically, the district court found that *Sanchez* was "persuasive that records in this matter were improperly redacted as argued in Plaintiff's [m]otion for [s]ummary [j]udgment and that while the Court of Appeals['] decision in *Public Employee Labor Relations Board*, 1996-NMSC-024, . . . provides some support for the position of Defendants, it cannot be read to add information into the list of personal identifying information that the Legislature provided in . . . [Section] 14-2-6(E)."

25

{38}     CYFD appeals and explicitly argues that the district court abused its discretion in granting Plaintiff's motion for reconsideration because (1) CYFD redacted information in its responsive documents to Plaintiff's first request and denied Plaintiff's second request in accordance with a duly promulgated regulation that mandated the redaction and withholding, which was valid under the "as otherwise provided by law" IPRA production exception; and (2) the district court relied on a factually distinguishable, non-precedential authority to support its grant of Plaintiff's motion for reconsideration. In addressing CYFD's first argument, the majority opinion unnecessarily analyzes whether the district court's initial grant of summary judgment in CYFD's favor was proper. However, the majority's determination that summary judgment in CYFD's favor was proper precludes Plaintiff's ability to appeal the district court's initial order, which came to the same conclusion, on remand. Therefore, I would resolve the case based on CYFD's second argument and determine that the district court abused its discretion in granting the motion for reconsideration, while remanding for further proceedings on the propriety of summary judgment.

{39}     "[A]n aggrieved party shall have an absolute right to one appeal." N.M. Const. art. VI, § 2. "The opinion of the court in [a] former appeal is the law of the case and is binding upon this court on a second appeal." *Van Orman v. Nelson*, 1969-NMSC-035, ¶ 3, 80 N.M. 119, 452 P.2d 188 (citation omitted). Additionally, an appellee's

26

failure to submit a responsive brief is not considered a concession or waiver on an issue. *See Mannick v. Wakeland*, 2005-NMCA-098, ¶ 39, 138 N.M. 113, 117 P.3d 919 (stating that an appellee's failure to argue and support an issue with citations to authority does not amount to a concession on the issue). Therefore, the majority's analysis thus unnecessarily goes beyond the scope of what is required. This Court's analysis should be necessarily limited to addressing the issue of whether the district court's grant of Plaintiff's motion to reconsider was proper.

{40}	"We review the [grant or] denial of a motion for reconsideration for abuse of discretion." *Unified Contractor, Inc. v. Albuquerque Hous. Auth.*, 2017-NMCA-060, ¶ 77, 400 P.3d 290. "[E]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo. Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *Harrison v. Bd. of Regents of Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 (internal quotation marks and citations omitted). "The application of incorrect substantive law constitute[s] an abuse of discretion." *Freeman v. Fairchild*, 2018-NMSC-023, ¶ 33, 416 P.3d 264.

{41}	CYFD argues that the district court abused its discretion in relying on *Sanchez* as persuasive authority in support of Plaintiff's motion for reconsideration. Specifically, CYFD argues that *Sanchez* and its analysis are not persuasive on the issue at bar because (1) "*Sanchez* did not apply [*Public Employee Labor Relations*

27

*Board*] or *Republican Party II*," (2) "*Sanchez* did not involve the application of an IPRA exception," and (3) "CYFD relied upon the Regulation" rather than the no longer recognized "rule of reason" that was embraced by the district court in *Sanchez*. I agree with the majority that *Sanchez* is not persuasive authority in this case and explain below.

{42} Memorandum opinions and proposed notices for summary disposition are not binding precedent. *Hennessy v. Duryea*, 1998-NMCA-036, ¶¶ 23-25, 124 N.M. 754, 955 P.2d 683 (reiterating that memorandum opinions are not precedent and urging lower courts and members of the bar to be cautious about relying on unpublished opinions decided on the summary calendar); *see* Rule 12-405(A) NMRA (specifying that memorandum opinions are non-precedential). Additionally, "cases are not authority for propositions not considered." *Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 15, 115 N.M. 622, 857 P.2d 22 (internal quotation marks and citation omitted). Moreover, Supreme Court precedent is binding on lower courts. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶¶ 20-22, 135 N.M. 375, 89 P.3d 47.

{43} *Sanchez* is factually and legally distinguishable from the instant case. Here, the district court initially granted summary judgment in CYFD's favor because, under Section 14-2-1(H) and the Regulation, CYFD was required to treat the "identifying information" of foster care parents as confidential, thereby exempting

28

the information from disclosure under IPRA. The district court articulated the issue as "whether the 'as otherwise provided by law' exemption to production embodied in Section 14-2-1(H), . . . incorporates a regulation promulgated by . . . CYFD, which requires that all case records and identifying information including foster and adoptive families, and applicant files be kept confidential." The district court found that "8.26.4.22(B) NMAC was a duly promulgated regulation that has the force of law to apply through Section 14-2-1(H)" based on our Supreme Court's holding in *City of Las Cruces*, 1996-NMSC-024. The district court also found that the Regulation "effectuate[d] a statutory mandate to keep confidential identifying information of foster parents." Thus, the district court found that CYFD had not violated IPRA by either redacting the identifying information or by denying Plaintiff's request for "a list of all currently licensed foster care parents, as such a list is confidential pursuant to 8.26.4.22(B) NMAC."

{44} By contrast, in *Sanchez*, the "[p]laintiff challenge[d] redactions from documents that it obtained from [the d]efendant pursuant to [IPRA]." Calendar Notice at 1, *Sanchez*, A-1-CA-39456 (Ct. App. Nov. 17, 2021). The defendant provided responsive documents, "but redacted certain addresses, telephone numbers, and email addresses." *Id.* at 2. The "[p]laintiff challenged the redactions, contending that the information in question was not subject to any of the enumerated IPRA exemptions from disclosure." *Id.* The defendant "argued that the redacted

information did not constitute 'public records' subject to IPRA." *Id.* at 3. This Court proposed summarily reversing the case because the records at issue were in fact public records and did not fall within the exception for "protected personal identifier information" under IPRA. *Id.* at 3, 5. Lastly, this Court admonished what it characterized as the district court's application of the "rule of reason," which was struck down by our Supreme Court in *Republican Party II*, 2012-NMSC-026. *See* Calendar Notice at 4, *Sanchez*, A-1-CA-39456. Ultimately, this Court adopted its reasoning from its proposed summary disposition in a memorandum opinion. *Sanchez*, A-1-CA-39456, mem. op. ¶ 1.

{45} In this case, the district court abused its discretion when it relied on the analysis in the proposed summary disposition notice for *Sanchez* as persuasive because it is neither factually or legally on point, nor is it binding authority. Here, unlike the entity in *Sanchez*, CYFD did not redact information from responsive documents based on an argument that the information was not a public record. Calendar Notice at 3, *Sanchez*, A-1-CA-39456. Instead, CYFD relied on the Regulation to redact the information because the Regulation "implements a statutory mandate that designates foster family identifying information as confidential." Moreover, the district court in *Sanchez* relied on the "rule of reason" to make its finding, Calendar Notice at 4, *Sanchez*, A-1-CA-39456, while the district court in this case relied on our New Mexico Supreme Court precedent, specifically *Public*

*Employee Labor Relations Board*, 1996-NMSC-024, for the rule "that duly promulgated regulations have the force of law to apply through IPRA's 'as otherwise provided by law' exemption." Therefore, although *Sanchez* and this case both involve IPRA, the facts and legal issues in each case are so vastly divergent, they are fundamentally different. Because "cases are not authority for propositions not considered," *Sanchez* has no persuasive value that can be applied to this case. *Fernandez*, 1993-NMSC-035, ¶ 15.

{46} The district court also misapprehended the legal question at issue in the instant case. In its order granting Plaintiff's motion to reconsider, the district court stated that, "while the Court of Appeals' decision in [*Public Employee Labor Relations Board*] . . . provides some support for the position of Defendants, it cannot be read to add information into the list of personal identifying information that the Legislature provided in [IPRA]." First, *Public Employee Labor Relations Board* is a New Mexico Supreme Court opinion, and not a Court of Appeals opinion as the district court's order asserts. 1996-NMSC-024. Second, the district court's prior order granting summary judgment was based on CYFD's argument that relied on *Public Employee Labor Relations Board* for the proposition that the Regulation was a duly promulgated regulation that was incorporated through the catchall "as otherwise provided by law" exemption to IPRA, and not based on an expansion of IPRA's narrowly construed definition of "protected personal identifier information."

31

Therefore, the analysis provided by our Supreme Court in *Public Employee Labor Relations Board* was on point and binding on the district court.

{47} Thus, because *Sanchez* is not binding authority generally and is not persuasive to the instant case, it was inappropriate for the district court to consider *Sanchez* and in its analysis in making its finding was an abuse of discretion. *See Fernandez*, 1993-NMSC-035, ¶ 15; *see also State v. Moreland*, 2008-NMSC-031, ¶ 9, 144 N.M. 192, 185 P.3d 363 ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." (internal quotation marks and citation omitted)). Additionally, the district court misapplied the law by relying on the legal analysis from *Sanchez*, rather than the analysis set forth by our Supreme Court in *Public Employee Labor Relations Board*, which constitutes an abuse of discretion. *Harrison*, 2013-NMCA-105, ¶ 14 ("[E]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo. Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." (internal quotation marks and citations omitted)). Thus, the district court abused its discretion in granting Plaintiff's motion to reconsider.

{48} For the above reasons, I would reverse the district court's grant of Plaintiff's motion to reconsider and remand to the district court to reinstate its former grant of summary judgment in favor of CYFD and its former denial of Plaintiff's motion for

summary judgment. There is no need to pursue the analysis further as the district court clearly abused its discretion in reversing its initial order.

_____

**SHAMMARA H. HENDERSON, Judge**
